BETHLEHEM STEEL CORPORATION

v.

U. S. METAL PLASTICS, INC., a dissolved Maryland corporation, Malcolm B. Devers, Ralph J. Srour, Werner Westermann, and Louise Westermann.

Civ. A. No. 16016.

United States District Court
D. Maryland.
March 13, 1967.

J. Martin McDonough and Robert B. Barnhouse, Baltimore, Md., for plaintiff.

J. Ambrose Kiley, Silver Spring, Md., for defendants.

Cary M. Euwer, Upper Marlboro, Md., and Wallace L. Schubert, Washington, D. C., for M. B. Devers.

NORTHROP, District Judge.

A motion for partial summary judgment against Malcolm B. Devers was granted by the court on October 14, 1966, over the opposition of that defendant's counsel.

Cary M. Euwer and Wallace L. Schubert, counsel appearing in the action for the first time in behalf of Malcolm Devers, now move to rescind the order of this court granting summary judgment in favor of the plaintiff, Bethlehem Steel, since there was no service of process on defendant Devers in accordance with Rule 4(d) (1) of the Federal Rules of Civil Procedure and because attorney J. Ambrose Kiley was never authorized by Devers to enter an appearance in his behalf. They urge that this court had no jurisdiction over Devers. Bethlehem Steel opposes the motion because Mr. Kiley entered a general appearance for Devers. Plaintiff contends that Devers waived his right to contest personal jurisdiction under Rule 12(h) of the Federal Rules of Civil Procedure.

This court heard the motion of Messrs. Euwer and Schubert appearing in behalf of Devers on December 16, 1966. On that date both J. Ambrose Kiley and Wallace L. Schubert testified. No correspondence between these gentlemen, however, was produced to support their testimony. Likewise, they produced no affidavit from Devers nor requested that Devers be deposed or be allowed to appear specially for this hearing. Rather, counsel wished to proceed on the basis of the court file and their testimony at the hearing.[1] Mr. Schubert testified that the defendant corporation, U. S. Metal Plastics, Inc., and the individual defendants were his clients. Because he did not practice in Maryland, he had referred the matter at hand to Mr. Kiley, whom he was

---

1. THE COURT: What I am saying is, are you prepared to put on all the testimony you care to put on in reference to today's motion or do you wish more time to do so?

ATTORNEY: If your honor please, I would like my statement to appear in the record as concerning—

THE COURT: I will give you an opportunity to make a statement for the record just as soon as I get through asking you these preliminary questions. What I am asking you, under the circumstances, do you wish more time to prepare?

ATTORNEY: No, I don't think we need more time to prepare.

THE COURT: Then I will hear you.

accustomed to retain for Maryland matters. He testified that he told Mr. Kiley to answer *for those defendants who had been served.* Prior to this particular action he had referred a U. S. Metal Plastics case, which was pending in the Circuit Court for Prince Georges County, to Mr. Kiley. Devers participated in those proceedings. This was corroborated by Mr. Kiley, who testified as he had declared when the motion was granted on October 14, 1966, i. e., that he had mistakenly understood the referral to carry representation of *all defendants* named in the complaint.

The bill of complaint before the court alleging, inter alia, that U. S. Metal Plastics, Inc., a Maryland corporation, had been dissolved and that the directors were being sued as trustees of the dissolved corporation, was filed December 8, 1964. Service was had on the corporation by serving Werner Westermann personally at Laurel, Maryland, and Louise Westermann through her husband. Malcolm B. Devers, whom the marshal attempted to serve personally at the Laurel address, was noted to be "out of town". Ralph Srour was also not served. There was a second attempt to serve both Devers and Srour on January 20, 1965. The summons and complaint were again returned unexecuted. No further attempt was made to serve these people because on January 18, 1965, J. Ambrose Kiley had answered for all the defendants generally. As to defendant Ralph Srour, Mr. Kiley answered alleging that he had had no connection with the corporation for the past two years.

On March 5, 1965, plaintiff filed interrogatories going to all defendants. On April 7, 1965, the interrogatories were answered on behalf of all defendants, but only signed for U. S. Metal Plastics by Werner Westermann as vice president, by Werner Westermann, individually, and by Louise S. Westermann, individually. Devers did not sign the answer and his name was stricken on the jurat by the Virginia notary before whom the oath was taken.

On April 28, 1965, a motion for partial summary judgment was filed against U. S. Metal Plastics and all of the individual defendants except Srour.

On May 11, 1965, Mr. Kiley, on behalf of all defendants including Srour, filed opposition to this motion for partial summary judgment. He conceded that U. S. Metal Plastics could not oppose the motion. As to the individual defendants, it was alleged that the charter of the corporate defendant, U. S. Metal Plastics, which had been forfeited, had later been revived.

On October 19, 1965, there being no hearing requested in accordance with this court's Rule 7, the court granted summary judgment against the corporation and denied it as to the individual defendants.

On December 27, 1965, a fieri facias upon that judgment against U. S. Metal Plastics, Inc., was issued.

On December 29, 1965, the writ was returned "unexecuted".

On March 17, 1966, a motion to amend the complaint was filed, the pertinent part of which read as follows:

"On January 10, 1958, Defendant Malcolm B. Devers, in order to induce the Plaintiff to sell and deliver goods to the corporate defendant, executed an absolute guaranty of all debts of U. S. Metal Plastics, Inc., to the Plaintiff."

On April 29, 1966, there being no opposition to the motion for leave to amend the complaint, this court ordered the clerk to receive the amended complaint; on April 29, 1966, the amended complaint was filed. Paragraph 7 of the Amended Complaint reads:

"On January 10, 1958, Defendant Malcolm B. Devers executed an unconditional personal guaranty whereby he guaranteed to the Plaintiff the prompt and full payment of all invoices rendered by the Plaintiff to the Defendant U. S. Metal Plastics, Inc., for any materials and/or services furnished by Bethlehem to Defendant U. S. Metal Plastics, as more fully set out in said

guaranty, a copy of which is attached hereto as Exhibit A."

The copy of the guaranty is apparently signed by Devers, individually, and sworn to before a notary for the State of Virginia. It is also confirmed by Devers as President of U. S. Metal Plastics, Inc.

On May 16, 1966, Mr. Kiley on behalf of all defendants answered each paragraph of the amended bill of complaint.

In Paragraph 1 of that answer, he avers that all defendants admit the jurisdiction of this court. Paragraph 7 contains the following allegation:

"Answering paragraph 7 of the amended complaint, defendant Devers admits the execution of the guaranty as alleged."

On July 14, 1966, a motion for partial summary judgment against Devers on the guaranty was filed. On August 9, 1966, twenty months after the commencement of this suit, Mr. Kiley filed opposition to that motion alleging that

"there is a real and genuine dispute concerning said individual defendant's [Devers'] responsibility on the alleged unconditional personal guaranty and refers to the attached affidavit."

The affidavit of J. Ambrose Kiley sets forth in its pertinent part that:

1. He was retained to represent only the defendants served with process;

2. Devers was never served with process in his individual capacity;

3. "Through inadvertence, ' mistake and a marked degree of carelessness" on his [Mr. Kiley's] part an answer including Devers was filed to the original bill of complaint;

4. He also responded to other pleadings for and on behalf of Devers, including specifically answering and admitting that Devers had individually executed the personal unconditional guaranty attached to the amended bill of complaint "through inadvertence, mistake and carelessness on affiant's part."

No other defense to the motion was set forth.

On October 14, 1966, a hearing was held and Mr. Kiley testified substantially as to the matter contained in his affidavit. There being no other testimony, affidavit, or other evidence submitted, this court granted plaintiff's motion for partial summary judgment against Devers.

Two other facts of some significance must be mentioned: (1) Werner Westermann is Devers' brother-in-law; and (2) some time after the complaint in this suit was filed the charter of U. S. Metal Plastics was revived.

The court must determine whether Devers has waived his right to object to the jurisdiction of this court over him in the light of the presumption raised by his general appearance through Mr. Kiley in this court. Or, more specifically, can this court infer a knowledge on Devers' part from the facts before it that Devers authorized or ratified Mr. Kiley's actions in his behalf, which would amount to a waiver of his right to contest this court's jurisdiction because there was no service of process on him?

Federal Rule 12(h) (1) of the Federal Rules of Civil Procedure reads as follows:

"A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

■ A presumption is raised when an attorney enters an appearance for a party litigant that he has the authority to do so. Bowles v. American Brewery, Inc., 146 F.2d 842 (4th Cir. 1945); United States v. Insurance Company of North America, 143 F.2d 53, 56 (4th Cir. 1944).

Prior to this suit, Mr. Kiley had, upon the request of Mr. Schubert, represented U. S. Metal Plastics in at least one matter in the Maryland state court in which Devers participated. Mr. Kiley's affida-

vit in opposition to Bethlehem's motion for partial summary judgment against Devers does not state that Devers never had any knowledge of the complaint and the other proceedings in this case, or that he did not know of Kiley's efforts in his behalf. Mr. Schubert testified that he could not definitely pinpoint a time when he became aware that Kiley purported to represent Devers. However, Mr. Kiley believed that the interrogatories and answers were at least discussed with Mr. Schubert. Indeed the first time the lack of authorization was raised was eighteen months after the original answer was filed by Mr. Kiley. During that period the first answer was filed setting out, for example, the defense of non-participation by the defendant Srour in the activities of the corporation. The corporation's charter was revived but, the attorneys now claim, not through any activity on the part of any attorney purporting to represent any of the defendants. The answer on behalf of all of the defendants to Bethlehem's interrogatories was filed, although signed only by Devers' brother-in-law and sister and sworn to before a Virginia notary. The first motion for partial summary judgment was opposed by Kiley in behalf of Devers.

Of even greater significance, however, was the unopposed petition to amend the complaint specifically setting out the personal guaranty by Devers of any indebtedness to be incurred by the corporation. The guaranty was acknowledged before a Virginia notary and confirmed by Devers as president of the corporation. The answer to the amended complaint admitted that Devers had executed this guaranty. It admitted this court had jurisdiction over Devers. It answered each allegation set forth by the plaintiff specifically. The original answer, the answers to the interrogatories, and the answer to the amended complaint reflect a knowledge of the corporate affairs which could have been gained only by contact with Devers either directly or through Mr. Schubert.

■ So, there is a course of activity from which the court cannot but infer that there was knowledge on the part of Devers of what was taking place in these proceedings, especially in view of the relationship of the Westermanns to Devers and the specific allegations against Devers personally.

This court may also infer from the revival of the corporate charter an attempt to shield the individual defendants from personal liability. Nor can the attempted execution of the writ of fieri facias against the corporation have gone unnoticed in the train of events headed ultimately in the direction of these proceedings against Devers individually.

■ The cases cited by Devers' attorneys do not go to the point of the problem facing the court. Neither has Devers here sufficiently met the burden of proof to overcome the presumption of a grant of authority to Mr. Kiley. See Delray Beach Aviation Corp. v. Mooney Aircraft, Inc., 217 F.Supp. 255, at 259 (W.D. Texas 1963), rev'd on other grounds, 332 F.2d 135 (5th Cir. 1964), cert. den. 379 U.S. 915, 85 S.Ct. 262, 13 L.Ed.2d 185 (1964). In *Delray*, it should be noted, there was extensive testimony from the "client".

Events marched along in this case lulling Bethlehem into a position of reliance on the opposition in substance to its allegations directed to the personal liability of Devers, only to have him cry out when at last apparently cornered and raise a technical defense when personal service might be impossible to obtain.

Therefore, this court denies defendant Devers' motion to rescind its order of October 14, 1966, granting summary judgment against Malcolm B. Devers, this thirteenth day of March, 1967.