**BETHLEHEM STEEL CORPORATION,**
Appellee,

v.

**Malcolm B. DEVERS, Appellant.**

**No. 11397.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 8, 1967.

Decided Jan. 12, 1968.

Josiah Lyman, Washington, D. C., (Robert M. Sandler, Washington, D. C., on brief) for appellant.

Robert B. Barnhouse, Baltimore, Md., (J. Martin McDonough, Baltimore, Md., on brief) for appellee.

Before SOBELOFF, BOREMAN and WINTER, Circuit Judges.

SOBELOFF, Circuit Judge:

■ Defendant Devers appeals from the denial of his motion to rescind a partial summary judgment entered against him for $31,561.29 for goods sold and delivered by Bethlehem Steel. He contends that the District Court was clearly erroneous in finding that Devers had not rebutted the presumption that a licensed attorney appearing on behalf of a client is authorized to do so.

The underlying facts giving rise to this motion are fully delineated in the District Court's opinion, Bethlehem Steel Corp. v. U. S. Metal Plastics, 265 F.Supp. 535 (D.Md.1967), and need not be repeated here. For present purposes it is sufficient to say that J. Ambrose Kiley, a practicing Maryland attorney, entered a general appearance in this action for all the named defendants, including Devers.[1] Kiley filed an answer to the complaint, prepared responses to interrogatories propounded by the plaintiff, answered an amended complaint and contested two motions for summary judgment. In answering the amended complaint, Kiley unequivocally admitted that defendant Devers had executed a valid guarantee, assuring Bethlehem of payment for goods sold and delivered.

■ The District Court found that Devers, who was not personally served with process, had either given binding prior authorization to Kiley or had ratified Kiley's general appearance by failing to disavow the attorney's representation over a period of eighteen months. We think this finding is amply supported by the evidence and accordingly we affirm.

Particularly relevant on this appeal are the following facts: Kiley was representing Devers in other matters during the pendency of these proceedings, and they were in close personal contact on at least one of them; Kiley submitted progress reports on the litigation to Devers's regular attorney, Wallace Schubert; Devers's brother-in-law and close business associate had been personally served; Devers has never testified or submitted an affidavit apprising the court of when he first learned of Kiley's representation or the extent of his knowledge of the circumstances giving rise to the general appearance.[2]

The only evidence offered on Devers's behalf to rebut the presumption of. authority consisted of the testimony of Kiley and Schubert. The confused story that emerges is that when Schubert was given the initial papers in this proceeding, he turned the matter over to Kiley and instructed him to handle the litigation. At one point in his testimony, Schubert stated that he told Kiley to represent only the corporate defendant and Werner Westerman. At another point, he maintained that he told Kiley to represent all the defendants "who were served." This latter instruction would have covered more defendants than the first version. Kiley claimed that he appeared on behalf of Devers through "a marked degree of carelessness" and inadvertence. Significantly, Devers did not testify before the district judge to repudiate Kiley's authority, nor was any statement of his under oath offered to that effect.

■ The presumption that an attorney who enters a general appearance has his client's authorization is a strong one. Bowles v. American Brewery, Inc., 146 F.2d 842 (4th Cir. 1945); United States v. Insurance Co. of North America, 143 F.2d 53 (4th Cir. 1944). To overcome the presumption, the evidence must be

---

1. Bethlehem's complaint named as defendants: U. S. Metal Plastics, Inc., at the time of suit a dissolved Maryland corporation, its president, Devers, vice-president Werner Westerman and directors Louise Westerman and Ralph Srour. The natural persons were named individually as well as in their capacities as directors and trustees.

2. It is also noteworthy that in Devers's motion to rescind he does not set forth any substantive defenses he may have to Bethlehem's claim.

clear and convincing, especially where the attack on the presumption is designed to invalidate a judgment. See Delray Beach Aviation Corp. v. Mooney Aircraft, Inc., 217 F.Supp. 255 (W.D.Texas 1963), rev'd on other grounds, 332 F.2d 135 (5th Cir. 1964). It is clear the court was warranted in finding the evidence insufficient to overcome the presumption and that Devers was bound by Kiley's appearance.

■ Since the appearance must be deemed authorized and since no attack on personal jurisdiction was made in a pre-answer motion or in the answer itself, the defense of lack of jurisdiction over the person is waived. Fed.R.Civ.P. 12(h). As a result, the District Court was correct in rejecting the motion to rescind the summary judgment.

Affirmed.