## PEOPLE v. BURGESS

1. CRIMINAL LAW — TRIAL — WITNESSES — CROSS-EXAMINATION — COMPELLING ANSWER — DISCRETION.

Refusal of trial court to compel a prosecution witness to answer defense counsel's question on cross-examination, "isn't it true that you did not identify this man because you recognized his face?" with a simple yes or no answer instead of an explanation of how he made the identification and comments made by the trial court in ruling on the question, were not an abuse of discretion.

2. CRIMINAL LAW—TRIAL—DEFENSE COUNSEL—DISMISSAL—WAIVER.

Defendant's claim that he was prejudiced by the refusal of the trial court to allow him to dismiss his defense counsel during trial will not be considered on appeal where subsequent to the request there was an express ratification by defendant of his counsel's remaining in the case and there was no recorded objection to defense counsel continuing thereafter.

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 April 9, 1969, at Grand Rapids. (Docket No. 6,051.) Decided April 22, 1969.

Levi M. Burgess was convicted of safecracking. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Ronald J. Taylor*, Prosecuting Attorney, and *Wilbur L. Schillinger*, Assist-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 574.
[2] 21 Am Jur 2d, Criminal Law § 310.

ant Prosecuting Attorney (*Tat Parish*, of counsel), for the people.

*Thomas H. Adams, Jr.*, for defendant.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. On November 22, 1967, defendant, Levi M. Burgess, in a jury trial in Berrien county circuit court was convicted of the crime of safecracking in violation of CL 1948, § 750.531 (Stat Ann 1954 Rev § 28.799).\* He was sentenced to a term of from 25 to 50 years in prison. Defendant appeals contending that the trial judge abused his discretion in (1) failing to disqualify himself upon defendant's request; (2) not requiring a witness to answer a question on cross-examination; (3) prejudicially commenting on evidence; and (4) failing to discharge defense counsel even though defendant later consented to his retention.

The trial court determined that there were no grounds to support an allegation of prejudice on his part and the record supports this finding. We determine that the trial judge did not abuse his discretion in refusing to disqualify himself.

Defendant contends that during the trial, the court improperly limited cross-examination by defense counsel. The following constitutes the record pertaining to this claimed error:

"*Q. (By Mr. Adams):* Ed, I understand that you identified the man because of his general appearance. My question is isn't it true that you did not identify this man because you recognized his face?

---

\* "Any person who, with intent to commit the crime of larceny \* \* \* who shall attempt to \* \* \* injure or destroy any safe \* \* \* shall be guilty of a felony."

"*A.* Well, all over he looked like the same person.

"*Mr. Adams:* I will ask the court to ask Mr. Keeter to answer the question. I think it's a fair question. I don't think he answered it with that answer.

"*The Court:* Did you want to say something?

"*Mr. Zaban:* I am going to say the witness has answered it to the best of his ability. He's trying to express what he used for purposes of identification. Although he's not giving a cut and dried answer of saying yes or no, he's saying, in effect, no to the question, he took everything into consideration for purposes of identification.

"*The Court:* I think that you are right, Mr. Zaban, the witness to me is trying to answer to the best of his knowledge. Sometimes the question can't be answered clearly yes or no, in which case the witness can say 'I can't answer that yes or no.' To the best of my knowledge he used several times—the jury heard it, and it seems to me it was several times the witness used the term 'all over', the whole man, not a specific item on the man. At least that is the impression I have.

"*The Witness:* That is right. The clothes looked like the same person, his face looked like the same person. He seemed to be in every way the same man.

"*Mr. Adams:* I have no further questions."

The witness identified the defendant from his overall appearance which the court ruled was sufficient. The weight, credibility, and value of such testimony was properly for the jury to determine and the court's discretionary ruling was not any basis for prejudicial error. *People* v. *Layman* (1941), 299 Mich 141; *People* v. *Fleish* (1948), 321 Mich 443; CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052). Words to the effect that the witness could not under the circumstances give a yes or no answer and a description of the whole man including the fact that his "face looked like the same person" was sufficient. The comments made by the trial judge were discretionary

and fair comment. There was no substantial interference with evidence that should go to the jury under the circumstances. We find no culpable abuse of discretion and no grounds for reversible error. *People* v. *Sawicki* (1966), 4 Mich App 467.

During the trial there was an express ratification by defendant of defense counsel's remaining in the case. Defendant now claims that he did this because he did not "want to upset the judge further." No recorded objection to defense counsel continuing in the case was made thereafter by defendant and the issue now appears for the first time on appeal. It was not properly preserved and therefore not a proper subject for review.

*Arguendo,* even accepting the claims of defendant (which we do not) that there was error present in this case, we conclude that it was harmless error, that the defendant was accorded a fair and impartial trial, and that there was no miscarriage of justice. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

Affirmed.