## BOCA LINDA EAST ASSOCIATION, Inc. v. McADAM.
### No. 75-630-CA(L)01 E.
#### Circuit Court, Palm Beach County.

#### July 20, 1976.

---

Frank P. Saier of Tylander, deClaire, Becker & Van Kleeck, Boca Raton, for the plaintiff.

Joseph F. Keeley, Boca Raton, for the defendant.

DANIEL T. K. HURLEY, Acting Circuit Judge.

This cause came on for hearing before the court upon plaintiff's motion to tax costs. Defendant appeared through counsel and interposed an oral objection to the motion, claiming that the court lacked jurisdiction over her person. The court reserved ruling on the motion and requested the parties to furnish case authority for their respective positions. Shortly thereafter, together with a brief, defendant filed a motion to dismiss for lack of jurisdiction.

A short history of the case is helpful to understanding the present controversy. Plaintiff is a condominium association and defendant is an owner of a condominium apartment within the complex. On February 20, 1976 plaintiff association filed a complaint for temporary and permanent injunctive relief, alleging that the defendant was violating certain provisions of the declaration of condominium and certain rules and regulations of the association with respect to rental or lease of her apartment. On March 4, 1976 the trial court issued an order to show cause why a temporary injunction should not be issued. The sheriff's return on the court's order indicates that personal service was not possible and that the order together with a copy of the initial pleadings was posted at the defendant's apartment. Defendant, by affidavit, however, denies receiving or having knowledge of these documents.

Defendant did not appear at the March 15th hearing and the court, on March 19th, issued a temporary injunction which gave her thirty days to comply with the declaration of condominium and the rules and regulations, or, in the alternative, to remove any and all invalid tenants or guests from the premises. The parties

agree that the defendant received actual notice of this order on March 30th, when the defendant received a copy of the order by certified mail. Defendant asserts that, because she had already complied with the provisions of the order prior to the time of its receipt, she determined that it would be unproductive to move to have the order set aside or to have service quashed.

The next action of the case occurred on June 8, 1976, when plaintiff moved to tax costs. A hearing was held on June 17th, at which time defendant orally contested personal jurisdiction and on June 30th, defendant filed a formal motion to dismiss. Based upon the foregoing facts, the court reaches the following —

### Conclusions of law

In that both parties agree that personal service was not obtained at the outset, the question at this juncture is whether the defendant, through inaction or non-assertion of the defense, waived it. See Rule 1.140(h)(1), Fla. R. Civ. P. While a waiver more often occurs when a defendant files an answer or a responsive pleading without raising the defense of lack of personal jurisdiction, *Visioneering Concrete Construction Co. v. Rogers*, 120 So.2d 644 (Fla. 2d DCA 1960), and *Bethlehem Steel Corp. v. Devers*, 389 F.2d 44 (4th Cir. 1968), there is also case authority for the proposition that a defendant's failure to properly and diligently assert the defense will be construed as a waiver. *Mabson v. Mabson*, 140 So. 805 (Fla. 1932). Indeed, the requirement of diligent assertion has been underscored by those courts which have construed Rule 12(h)(1), Fed. R. Civ. P., the federal counterpart to Florida Rule 1.140, and have found a waiver of the defense of ineffective service by the defendant's failure to assert the defense within twenty days after receiving actual notice of a suit. See Wright and Miller, *Federal Practice and Procedure:* Civil Section 1391 at 857.

Whether there has been a waiver of the defense of lack of personal jurisdiction is a question that must be resolved by the facts of each case, the nature of the pleadings, and the reasonableness of the defendant's conduct. Here, defendant by affidavit, avers that the first notice she had of this suit was on or about March 29, 1976, when the attorney for the plaintiff informed her that she would receive a copy of the temporary injunction by certified mail. She received actual notice of the court's injunctive order on March 30th. It should be noted that the court's order requires the defendant to take certain action and is silent as to the necessity of additional pleadings, further proceedings in the matter, or the payment of attorney's fees. As indicated above, defendant asserted through counsel that she had already complied with the provisions of the order prior to its receipt and consequently took no further action.

172

Given these facts, the court cannot infer a waiver of defective service by non-assertion. While the defendant did have actual notice of the existence of the lawsuit, her failure to respond and participate is both understandable and reasonable. The document which she received did not call for a written response nor did it put her on notice that she would be prejudiced by inaction. In light of the defendant's assertion that she had already complied with the provisions of the order prior to its receipt, and this assertion has not been contested or rebutted, it cannot be said that the defendant submitted herself to the jurisdiction of the court and acquiesced in its finding. Consequently, it is the conclusion of the court that defendant's oral objection to the motion to tax costs, coupled with the filing of a motion to dismiss, constitute proper and timely objection to the lack of personal service.

Accordingly, it is ordered and adjudged that plaintiff's motion to tax costs is denied, and it is further ordered and adjudged that defendant's motion to dismiss for lack of personal jurisdiction is granted.