825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William MOTT, Plaintiff,
Elaine MOTT, Plaintiff-Appellant,
v.
Gerald C. KERNS, Individually and in his Official Capacity
as a State Policeman for the State of Michigan; Michael
Stamm, Individually and in his Official Capcity as a State
Polceman for the State of Michigan; Gerald L. Hough,
Director of the State of Michigan; Richard Doe, Individually
and in his Official Capacity as Shift Supervisor of State
Police for the State of Michigan; and Michigan State Police,
Jointly and Severally, Defendants-Appellees.
 No. 87-1151
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1987.
 
 Before MERRITT, MARTIN and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Elaine Mott, brings this appeal from a judgment of dismissal by the district court. The complaint, listing both Motts as party-plaintiffs, was filed on September 7, 1984 by attorney Alan D. Hunt and requests relief under 42 U.S.C. Sec. 1983 due to the alleged racially discriminatory arrest and treatment of plaintiff and husband after a stop on the highway by Michigan state police officers on June 30, 1983.
 
 
 2
 Attorney Hunt requested and, on July 31, 1985, was granted withdrawal as counsel based upon an 'irreconcilable breakdown in the attorney-client relationship.' Reconsideration of the motion was granted with Dr. William Mott asserting that Hunt never communicated with Elaine Mott prior to or during the pendency of the action. Hunt averred that he requested withdrawal due to Dr. Mott's failure to produce Elaine Mott after repeated promises to do so and because Dr. Mott failed to inform him of the Motts' pending divorce action. The matter was referred to Magistrate Virginia Morgan. Elaine Mott and counsel John Bredell attended oral arguments on the motion on September 12, 1985, along with Hunt, Dr. Mott, and his counsel Sherman Sharpe. The magistrate's report and recommendation found that although Hunt had filed a complaint on behalf of both of the Motts, he had been retained by Dr. Mott and had never spoken with Elaine Mott. The district court allowed Hunt to withdraw.
 
 
 3
 In April, 1986, the case was reassigned to the Honorable Ralph B. Guy, Jr. John Bredell did not file an appearance on behalf of plaintiff until October 6, 1986, subsequent to two pretrial conferences.
 
 
 4
 On November 26, 1986, Elaine Mott was dismissed without prejudice by the court on the grounds that she was never properly named as a plaintiff. When she requested a final judgment in order to appeal the court's order of dismissal, the court dismissed her claim with prejudice because she was never properly a party, she had never participated in pretrial conferences, and the statute of limitations had expired. Apparently dismissal was prompted when defendants filed a motion for a protective order to prevent plaintiff from deposing a witness who had previously been deposed by attorney Hunt. At that time, Bredell argued that Hunt had never represented Elaine Mott.
 
 
 5
 Plaintiff argues that the district court erred in overlooking her ratification of the lawsuit filed by attorney Hunt on her and Dr. Mott's behalf. She cites several instances of participation in the suit as evidence of her ratification and notes that the defendant-appellees, by conducting and responding to discovery with her, recognized her as a rightful participant in the action.
 
 
 6
 Plaintiff further contends that she was denied her fundamental due process rights by the sua sponte order of dismissal without an opportunity to be heard. According to plaintiff, this action by the court resulted in erroneous findings on the controlling facts such as whether Mrs. Mott recognized Hunt as counsel and an erroneous conclusion by reason of the failure to consider ratification or tolling of the statute of limitations. Plaintiff asserts that she was aware of the litigation at or near its inception and that her statements cited by the court were only to the effect that her separate interests had not been adequately represented.
 
 
 7
 Ratification of an attorney's prior representation has been recognized under certain circumstances. See 7A C.J.S. Attorney & Client Sec. 188 (1980); Bethlehem Steel Corp. v. Devers, 389 F.2d 44, 45-46 (4th Cir. 1968); Bowles v. Wheeler, 152 F.2d 34, 40 (9th Cir.), cert. denied, 326 U.S. 775 (1945); Rodgers v. Bromberg, 53 F.2d 723 (5th Cir. 1931), cert. denied, 285 U.S. 542 (1932); E. F. Hutton & Co. v. Brown, 305 F. Supp. 371, 387 (S.D. Tex. 1969); Tudryck v. Mutch, 320 Mich. 99, 30 N.W.2d 518, 521, cert. denied, 334 U.S. 819 (1948); Presnell v. Board of County Road Commissioners, 105 Mich. App. 362, 306 N.W.2d 516, 518 (1981); People v. Burgess, 17 Mich. App. 119, 169 N.W.2d 122, 124 (1969). In this case, there is evidence that plaintiff may have ratified Hunt's actions as counsel: she attended the September 12, 1985 hearing on Hunt's withdrawal with counsel, and her attorney, Bredell, entered an appearance as counsel for her on October 6, 1986.
 
 
 8
 Although it is difficult to tell precisely the exact basis for the district court's decision, plaintiff's lack of activity in the case is doubtless a prime consideration. Dismissal of a plaintiff for failure to prosecute is 'a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff." Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980), citing Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5th Cir. 1978). The court should use a lesser sanction than dismissal unless 'no alternative sanction would protect the integrity of pre-trial procedures.' Dismissal is frequently inappropriate where the lack of action is due to the attorney's neglect. For example, the Carter court did not approve dismissal despite the fact that plaintiff's attorney failed to discuss settlement, engage in discovery or file appropriate pretrial orders in a timely fashion.
 
 
 9
 In light of these considerations and the circumstances in this case, we hold that the district court's dismissal with prejudice of Mrs. Mott as a party without notice and an opportunity to be heard violates due process. Even if plaintiff deserved a sanction for failure to prosecute, final dismissal was not warranted under the circumstances. Upon remand the district court should give adequate consideration to plaintiff's claim that she ratified attorney Hunt's representation.
 
 
 10
 We REVERSE the decision of the district court and REMAND in order for plaintiff to have notice and an opportunity to be heard concerning her proposed dismissal from this action by the court.