**CHEMICAL CORN EXCHANGE BANK, Plaintiff,**

v.

**Nelson HAUSE, Marjorie Hause and Clover Hill Gardens, Inc., Defendants and Third-Party Plaintiffs (Norman P. Mason, as Federal Housing Administrator of The United States of America), Third-Party Defendant.**

United States District Court
S. D. New York.

Feb. 21, 1958.

William I. Rodier, Jr., New York City, for plaintiff.

Arnold, Coburn & Rapoport, New York City, for defendants and third-party plaintiffs. Joel Arnold, New York City, of counsel.

Paul W. Williams, U. S. Atty., for the Southern District of New York, New York City, for third-party defendant. Joseph DeFranco, New York City, of counsel.

DAWSON, District Judge.

This is a motion to remand an action to the Supreme Court of the State of New York, New York County, where it was originally commenced. Defendant subsequently joined the Federal Housing Administrator as third party defendant, and upon the latter's petition, pursuant to Title 28 U.S.C.A. § 1441(c), the then consolidated action was removed to the United States District Court for the Southern District of New York. On January 20, 1958, the Hon. David N. Edelstein, United States District Judge, ordered that the third-party action be transferred to the United States District Court for the District of New Jersey. Plaintiff now moves to remand the remaining action on grounds that the jurisdictional basis for removal of this cause from the State court to this Court and for retention of jurisdiction by this Court no longer exists. Defendant has made no appearance in opposition to the proposed removal.

Under the circumstances it appears that the motion should be grant-

ed. Title 28 U.S.C.A. § 1441(c), provides that:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

In the Revisor's Note to this section, it is stated that "if the court so desires, it may remand to the State court all non-removable matters." See American Fire & Cas. Co. v. Finn, 1951, 341 U.S. 6, at page 10, n. 3, 71 S.Ct. 534, 538, 95 L.Ed. 702; McFadden v. Grace Line, D.C.S.D.N.Y.1948, 82 F.Supp. 494. See also 76 C.J.S. Removal of Causes §§ 295, 297. The intention of Congress in revising § 1441(c) in 1948 appears to have been to abridge the rights of removal, and the Supreme Court has advised that "consideration of the meaning and effect of 28 U.S.C. § 1441(c)" should be carried out in light of this Congressional intent. American Fire & Cas. Co. v. Finn, supra, 341 U.S. at page 10, 71 S.Ct. at page 538.

In this case the original action was brought in New York State courts and the third party defendant who removed the case here has been transferred to New Jersey; plaintiff and at least two of the defendants in the action are New York residents. The Supreme Court has said that:

"The basis of federal jurisdiction failing, it is proper that the remaining parties, who were involuntarily taken into the federal court, should, upon the cessation of the separable controversy which was the cause of their transmission to another tribunal, have their case returned to the state court." St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 295, 58 S.Ct. 586, 593, 82 L.Ed. 845.

The Court therefore feels it proper, in the exercise of its discretion under §

1441(c), to remand this case to the court from which it was removed.

Movant has also argued that no ground for retention of jurisdiction by this Court exists, and apparently would have the Court consider the motion under Title 28 U.S.C.A. § 1447. In light of the above disposition, however, such consideration is not necessary.

Motion granted, and action remanded to the Supreme Court, State of New York, New York County. So ordered.