Dale **EGGENBERGER**, Plaintiff,

v.

Marvin **JUREK** and James Donicht, Defendants.

Civ. No. 4-64-143.

United States District Court
D. Minnesota,
Fourth Division.

Jan. 25, 1966.

Farnes, Skaar & Prueter, by Harvey E. Skaar, Minneapolis, Minn., for plaintiff.

Quinlivan, Quinlivan & Williams, by Gerald G. Williams, St. Cloud, Minn., for defendant Jurek.

Stanley H. Green, Minneapolis, Minn., for defendant Donicht.

DONOVAN, Senior District Judge.

This diversity action is based on plaintiff's claim for damages arising out of a collision of motor vehicles causing personal injury and incidental expense to plaintiff Eggenberger.

The action, originally commenced in the District Court for the Fourth Judicial District of the State of Minnesota, was transferred to this court on petition of the United States Attorney for and on behalf of James Donicht, one of said defendants, on September 1, 1964. There followed a year of maneuvering, which included orders of the court, as follows:

(a) Order substituting the United States as party defendant in place of defendant James Donicht;

(b) Order vacating said order (a) and reinstating defendant Donicht;

(c) Order granting motion to join third-party defendant United Services Automobile Association, San Antonio, Texas, as a party to this action;

(d) Order transferring the third-party action from trial by jury to trial by the court, to follow trial by jury of the main action.

The main action was thereupon tried to the court and jury and resulted in a verdict of $11,000.00 for plaintiff and against the codefendants.

Defendant Jurek has moved in the alternative for:

1. Judgment notwithstanding the verdict or

2. A new trial.

Defendant Donicht has moved in the alternative for:

1. Judgment notwithstanding the verdict or

2. A new trial,

3. And for an order staying execution to enforce judgment pending motion to dismiss.

Defendant Jurek's motions for judgment notwithstanding the verdict or a new trial are denied.

Defendant Donicht's motion for judgment notwithstanding the verdict is granted.

It is so ordered.

The attached memorandum is hereby made a part of this order.

### MEMORANDUM

The verdict against defendant Donicht must be set aside, notwithstanding the fact that the jury found his negligence to be a proximate cause of the accident. The judgment cannot stand as a matter of law, since on the undisputed facts of this case Donicht is immune from suit. Plaintiff and defendant Donicht, plaintiff's superior officer, were on active duty in the Navy at the time of the accident, and were proceeding home after completing their recruiting

duties. Plaintiff cannot sue his superior officer for injuries arising out of or in the course of activity incident to military service.[1] "We know of no American law which ever has permitted a soldier to recover for negligence, against either his superior officers or the Government he is serving."[2]

Defendant Donicht should have been dismissed from this lawsuit long ago, before trial. A timely, proper motion would have been very helpful, particularly in view of the confusion created by the background maneuvering of defendant Donicht and the United States Government. In spite of this, the Court feels constrained by the law to let defendant Donicht out of the case at this point.

It appears after due consideration that the motions of defendant Jurek for judgment notwithstanding the verdict or for a new trial ought to be denied.

In my opinion the question of cause and effect is and was a question of fact and, as such, has been properly disposed of by jury verdict. In a jury trial, the important, if not the controlling issue, is whether or not the verdict is sustained by substantial evidence. In considering that issue, the evidence must be viewed in a light most favorable to the plaintiff. The jury having found the issue in plaintiff's favor, the Court must accept as true all facts which the evidence reasonably tended to prove, and plaintiff is entitled to all favorable inferences which may be reasonably drawn from the evidence and circumstances proven.[3] Clearly the verdict returned by the jury against Jurek finds substantial evidence to support it.

The other contentions have been examined and found to be without merit. The verdict against defendant Jurek is sustained by the law.

---

1. Bailey v. Van Buskirk, 9 Cir., 345 F.2d 298; See Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; United States v. United Services Auto Ass'n, 8 Cir., 238 F.2d 364; See also Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200; United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139; Knoch v. United States, 9 Cir., 316 F.2d 532; Orken v. United States, 6 Cir., 239 F.2d 850; Archer v. United States, 9 Cir., 217 F.2d 548.

2. Feres v. United States, supra note 1, 340 U.S. at 141, 71 S.Ct. at 157.

3. Railway Express Agency v. Mackay, 8 Cir., 181 F.2d 257, 259, 19 A.L.R.2d 1248.