412 F.2d 793
 Clarence E. MATTOS, Sr., and Clara Mattos, Appellants,
v.
UNITED STATES of America, John J. Vaughn, Newton Wakeman, William Hickey, Captain Tucker, Doe I through Doe XI, Respondents.
 No. 22473.
 United States Court of Appeals Ninth Circuit.
 June 3, 1969.
 
 Daniel J. Weston, of Friedman & Collard, West Sacramento, Cal., for appellant.
 William D. Ruckelshaus, Asst. Atty. Gen., Morton Hollander, Robert V. Zener, Attys., Dept. of Justice, Washington, D. C., John P. Hyland, U. S. Atty., William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.
 Before BARNES, MERRILL and BROWNING, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants brought suit in a California State court for damages suffered as a result of the death of their son. While on weekend military reserve duty, he was killed when a military truck, in which he was riding, overturned. The complaint charged negligent operation of the motor vehicle and named as defendants the United States, the operator of the vehicle and officers in command of the unit. Suit was removed to the United States District Court by the defendants under the Federal Drivers Act, 28 U.S.C. § 2679 (d), and, as a suit against an officer of the United States acting under color of office, under 28 U.S.C. § 1442(a). The Government's motion for dismissal as to all defendants was granted and this appeal followed.
 
 
 2
 Dismissal of suit against the United States was based on Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), which holds the United States not liable under the Federal Tort Claims Act for injuries to or death of servicemen resulting from the performance of duties in the line of military service. Appellants seek to distinguish that case upon the ground that the serviceman there was in active service, while in this case their son was engaged as a reservist on weekend drill. We find no merit in the distinction. United States v. Carroll, 369 F.2d 618 (8th Cir. 1966); O'Brien v. United States, 192 F.2d 948 (8th Cir. 1951); Drumgoole v. Virginia Electric and Power Co., 170 F. Supp. 824 (E.D.Va.1959). The rationale of Feres applies with equal force to reservists.
 
 
 3
 Dismissal of suit against the individual defendants was based on Bailey v. Van Buskirk, 345 F.2d 298 (9th Cir. 1965), cert. denied 383 U.S. 948, 86 S.Ct. 1205, 16 L.Ed.2d 210 (1966), holding that one soldier may not sue another for injuries resulting from acts performed in line of duty. Appellants seek to distinguish that case in that there suit was brought against an officer of superior rank, where as here the deceased soldier and the driver were of equal rank. We regard the distinction as without merit. It is judicial intrusion into the area of military performance that is sought to be avoided. As in Feres the availability of compensation for injuries incurred in military service renders such intrusion unnecessary.
 
 
 4
 Finally appellants contend that since there is no remedy against the United States, the exclusivity of federal jurisdiction under the Federal Drivers Act does not apply and the case should have been returned to the state court. We have recently held to the contrary in Van Houten v. Ralls, 411 F.2d 940 (9th Cir., 1969).
 
 
 5
 Judgment affirmed.