**Donald Wayne MORRISON, Plaintiff,**

**v.**

**The UNITED STATES of America, Melvin Laird, Secretary of Defense, and Stanley R. Resor, Secretary of the Army, Defendants.**

**Civ. A. No. 822.**

United States District Court,
M. D. Georgia,
Valdosta Division.

Feb. 16, 1970.

Jack Helms, Homerville, for plaintiff.

Walker P. Johnson, Asst. U. S. Atty., Macon, Ga., for defendants.

BOOTLE, Chief Judge:

This is an action by Donald Wayne Morrison against the United States of America, Melvin Laird as Secretary of Defense, and Stanley R. Resor as Secretary of the Army, to recover a sum of money which plaintiff alleges has been wrongfully converted.

The facts as disclosed by the complaint are that on or about July 31, 1968, plaintiff was on active duty with the United States Army in Vietnam. In "searching out" an unoccupied underground cave while on patrol plaintiff discovered a container in which he found $150,000.00 in United States currency. Immediately after its discovery the currency was taken into possession by plaintiff's superiors, and upon subsequent inquiry plaintiff was informed by his Company Commander "that he had no claim whatsoever to it." It further appears that after plaintiff's return to the United States demand was made upon the Secretary of Defense for the return of the currency and that such demand was refused.

The suit as originally filed claimed jurisdiction of this court under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) and, as amended under the Tucker Act, 28 U.S.C.A. § 1346(a) (2). The Government has moved to dismiss the suit for lack of jurisdiction and upon failure to state a claim upon which relief can be granted.

■ Insofar as the claim under the Tucker Act is concerned, this court is obviously without jurisdiction since by its very terms that Act limits the jurisdiction of District Courts to claims "not exceeding $10,000 in amount."

The only remaining question therefore is whether the complaint states a cause of action under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b).

■ The Government contends that the Tort Claims Act is not applicable for a variety of reasons the first of which is the foreign country exception codified at 28 U.S.C.A. § 2680(k). Plaintiff on the other hand maintains that the claim did not arise in a foreign country since his demand for return of the currency was made in this country.

We do not agree. Whatever claim plaintiff had arose in a cave in Vietnam. The mere fact he made a demand was simply to *enforce* a claim which *arose* in a foreign country.

■ Next the Government contends that plaintiff's action is expressly precluded by 28 U.S.C.A. § 2680(j) which proscribes "[a]ny claim arising out of the combatant activity of the military or naval forces or the Coast Guard, during time of war." To this plaintiff asserts that in the absence of a formal declaration of war the combatant activity exclusion is inapplicable.

■ Of this we are not convinced. While it may be true that a de jure state of war cannot exist without a formal declaration of war, a war is no less a war because it is undeclared. To hold otherwise would circumvent the plain intent of the Act and open an area to suit in which Congress had no intention to forfeit governmental immunity. "In considering whether the Tort Claims Act is applicable * * * it is necessary to keep in mind the jurisprudential principles that no action lies against the United States unless the Congress has authorized it." Williams et al. v. United States, 115 F.Supp. 386, 387 (N.D. Fla. 1953).

We do not reach the question whether this action is barred by the statute of limitations under 28 U.S.C.A. § 2401(b)[1]

---

1. 28 U.S.C.A. § 2401(b) reads in part as follows:

"(b) A tort claim against the United States shall be forever barred unless * * * action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

On September 11, 1968, a letter of demand was sent by plaintiff to the Honorable Clark Cifford, then Secretary of Defense. On November 14, 1968 a letter denying plaintiff's claim was sent by general delivery mail, signed by R. Kenly Webster, Deputy General Counsel, Department of the Army. This action was filed on September 17, 1969, two days less than ten months after the date of Mr. Webster's letter denying the claim.

While acknowledging the fact that this action was not brought within six months after the denial of his claim, plaintiff contends that the statute is inapplicable

nor whether actions of this type are precluded by the Feres Doctrine. See Feres v. United States, 340 U. S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

And while it is not necessary for the disposition of this case we feel there is some question as to whether a soldier who captures property acquires any right or title to it. Article 103 of the Uniform Code of Military Justice, 10 U. S.C.A. § 903 provides: "(a) All persons subject to this chapter shall secure all public property taken from the enemy for the service of the United States, and shall give notice and turn over to the proper authority without delay all captured or abandoned property in their possession, custody or control."

In this connection it has been declared that the word abandoned covers not only property abandoned by the enemy, but by civilian populations in flight from the perils of the combat zone. Foster v. United States, 98 F.Supp. 349, 120 Ct.Cl. 93 (1951), cert. denied 343 U.S. 919, 72 S.Ct. 365, 96 L.Ed. 687 (1952).

Moreover this Article has been construed to mean that

"* * * a soldier may not make a profit out of the disorder and flight which ensues from a war. In the abandoned property which he comes upon, and which he must turn over to the proper authority without delay, he does not acquire any proprietary interest. His taking of possession of it is done as an agent of the Government, and if it is not reclaimed by the owner who abandoned it, it belongs to the Government." Foster v. United States, 98 F.Supp. at 352.

Accordingly, this suit is hereby dismissed for lack of jurisdiction.

for three reasons: (1) the letter of denial was not sent by certified or registered mail; (2) the letter did not sufficiently indicate finality, and (3) the denial did not come from the agency to which the demand was made.