**Russell J. ROTKO and Florence Rotko**

v.

**General Creighton B. ABRAMS, Individually and as Commanding General, U.S. Armed Forces in Vietnam, et al.**

**Civ. No. B–86.**

United States District Court,
D. Connecticut.
July 20, 1971.

Samuel Gruber, Stamford, Conn., for plaintiffs; Faulkner & Schmidt, New York City, of counsel.

Stewart H. Jones, U. S. Atty., Richard L. Winter, Asst. U. S. Atty., Bridgeport, Conn., J. Charles Kruse, Trial Atty., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

In this action the plaintiffs seek to recover money damages from the United States and certain of its officers and agents in the Armed Forces for the death of their son in Vietnam.

The complaint alleges that the plaintiffs' decedent, Russell J. Rotko, Jr., enlisted in the Marines on March 14, 1967. In February of 1968 he was wounded in Vietnam, transferred to Japan for medical treatment, and in March was reordered to active duty in Vietnam. On October 30, 1968, he was killed in combat in Quang Nam Province.

The plaintiffs contend, in effect (1) that the orders which required their decedent to engage in combat in Vietnam were illegal, ultra vires, and in violation of certain treaties, international law and the Constitution; (2) that the defendants knew or should have known of the unlawfulness of the Vietnam conflict; (3) that the defendants' actions in these proceedings were wanton and intentionally negligent; and (4) that under these circumstances money damages are recoverable under the provisions of the Federal Tort Claims Act and the Constitution.

The defendants move to dismiss the action on the grounds, inter alia: 1) the United States is not liable under the Federal Tort Claims Act for injuries to a serviceman which were incurred incident to service; 2) various exceptions to the Act bar the claim; 3) the plaintiffs lack standing to sue; and 4) the constitutional provisions relied upon may not serve to support an action for damages.

Under the circumstances of this case the Court is of the opinion the defendants' motion to dismiss must be granted for the following reasons:

1) In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court, at 146, 71 S.Ct. at 159, stated that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arose out of or are in the course of activity incident to service." This principle controls the disposition of the instant case. The plaintiffs' attempt to limit the *Feres* doctrine to negligence actions is rejected. The reasoning of the Supreme Court clearly indicates that it is the status of the claimant as a serviceman rather than the legal theory of his claim which governs in such cases. See, e. g., United States v. Lee, 400 F.2d 558 (9 Cir. 1968), cert. denied, 393 U.S. 1053, 89 S.Ct. 691, 21 L.Ed.2d 695 (1969); Sheppard v. United States, 369 F.2d 272 (3 Cir. 1966) (per curiam), cert. denied, 386 U.S. 982, 87 S.Ct. 1286, 18 L.Ed.2d 230 (1967);

2) An exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(j) proscribes any claim "arising out of combatant activities of the military or naval forces, or the Coast Guard, during time of war." This combatant activity exclusion has been interpreted to apply

**48**

to an undeclared war as well as a war which has been formally declared by Congress. Morrison v. United States, 316 F.Supp. 78 (M.D.Ga.1970); see also Orlando v. Laird, 443 F.2d 1039 (2 Cir. April 20, 1971);

3) A serviceman may not maintain a negligence action against individual members of the military for an injury resulting from acts performed in the line of duty. Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959); Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Feres v. United States, 340 U.S. supra at 141, 71 S.Ct. 153; Mattos v. United States, 412 F.2d 793 (9 Cir. 1969) (per curiam); Bailey v. De Quevedo, 375 F. 2d 72 (3 Cir.), cert. denied, 389 U.S. 923, 88 S.Ct. 247, 19 L.Ed.2d 274 (1967).

Accordingly, the defendants' motion to dismiss is granted.