**Terrance ROACH, Plaintiff,**

v.

**Jerry SHIELDS, M.D., Defendant.**

**No. C.A. 70-2952.**

United States District Court,
E. D. Pennsylvania.

Feb. 22, 1974.

Harry Lore, Cohen & Lore, Philadelphia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., C. Oliver Burt, III, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

This is a diversity action based upon the defendant-doctor's allegedly negligent diagnosis and treatment of plaintiff's right leg while plaintiff was in the military service of the United States. This negligence is said to have caused a malignant tumor in plaintiff's right leg, and as a result, plaintiff's right leg was amputated at the hip.

However, it is admitted that the medical treatment on which the cause of action is based was performed while both plaintiff and defendant, as a physician, were on active duty in the military service of the United States and that this same medical treatment was received by the plaintiff, at military facilities, by reason of his status as an individual engaged in the military service of the United States.

More specifically, by way of answers to interrogatories, plaintiff has stated that he was inducted into the United States Navy on October 5, 1966, started active duty in October of 1967, and was discharged in October of 1968. Plaintiff first noticed pain in his right knee and leg in February of 1967. From that time through February of 1968, plaintiff reported for numerous sick calls aboard Naval vessels with complaints of pain in the right knee and leg. From February 1968 through March of 1968, plaintiff was in a Naval hospital in Rhode Island at which time x-rays and biopsies revealed a malignant tumor in plaintiff's right leg above the knee. In March of 1968 through July of that year, plaintiff was in a Naval hospital in Maryland where he received radiation therapy and had his right leg removed at the hip.

Presently before the Court is the motion of the defendant for summary judgment.

 It is established that members of the United States military service are immune from recovery, in suits brought by fellow members of the military service, for service-connected injuries caused by their negligent acts, either ministerial or discretionary in nature, performed in the line of duty. Feres v. United States, 340 U.S. 135, 141–144, 71 S.Ct. 153, 157–158, 95 L.Ed. 152 (1950); Tirrill v. McNamara, 451 F.2d 579 (9th Cir., 1971); Mattos v. United States, 412 F.2d 793, 794 (9th Cir. 1969); Bailey v. DeQuevedo, 375 F.2d 72, 74 (3rd Cir., 1967), cert. den. 389 U.S. 923, 88 S.Ct. 247, 19 L.Ed.2d 274 (1967); Bailey v. Van Buskirk, 345 F.2d 298 (9th Cir., 1965), cert. den. 383 U.S. 948, 86

S.Ct. 1205, 16 L.Ed.2d 210 (1966); Callaway v. Garber, 289 F.2d 171 (9th Cir., 1961), cert. den. 368 U.S. 874, 82 S.Ct. 120, 7 L.Ed.2d 76 (1961); Sellers v. McCrane, 55 F.R.D. 466, 470, n. 6 (E.D. Pa.1972); Schwager v. United States, 326 F.Supp. 1081 (E.D.Pa.1971); Rotko v. Abrams, 338 F.Supp. 46, 48 (D.Conn. 1971), aff'd 455 F.2d 992 (2nd Cir. 1972); Eggenberger v. Jurek, 253 F. Supp. 630 (D.Minn.1966).

The claim of the plaintiff herein falls clearly within the scope of this principle. Accordingly, defendant's motion for summary judgment will be granted.