Peggy T. ADAMS, Plaintiff,

v.

Arnie BANKS and Gil Alderfer,
Defendants.

Civ. A. No. 75–0225–RM.

United States District Court,
E. D. Virginia,
Richmond Division.

Feb. 5, 1976.

Jonathan C. Kinney, Benjamin N. A. Kendrick, Arlington, Va., Leonard J. Koenick, Washington, D. C., for plaintiff.

James P. Klapps, Trial Atty., U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff seeks damages against each of the defendants alleging negligence on the part of each while performing an operation upon the plaintiff while she was a member of the military services. Plaintiff invokes the jurisdiction of the Court by virtue of diversity of citizenship. 28 U.S.C. § 1332.

The material facts are not in controversy, and the matter comes before the Court on the motion of the defendants for summary judgment.

The facts as reflected by the pleadings, affidavits, and stipulations are as follows:

Under date of May 13, 1973, and at all times pertinent to the allegations of the complaint, plaintiff Peggy T. Adams was serving on active duty military service with the United States Army Nurse Corps.

Under date of May 11, 1973, plaintiff while on a pass from her military duties became ill and was treated in the Rockingham Memorial Hospital, Harrisonburg, Virginia. She thereafter sought further treatment at Kenner Army Hospital, Fort Lee, Virginia. Though her duty station was Walter Reed Medical Hospital, Washington, D. C., she was admitted to Kenner Army Hospital on May

12, 1973 and by reason of her military status was eligible for and received medical and surgical care, treatment and services at that hospital. The defendants, Army surgeons, were serving on active military service under date of May 13, 1973 and during the course of an operation on the plaintiff on that date for the removal of a pelvic cyst, plaintiff contends that the defendants negligently transected her ureter, and failed to thereafter ascertain that the ureter had been severed.

Plaintiff alleges and the Court accepts as factual, for purposes of the pending motion, that as a result of the complications arising out of the aforementioned operation, plaintiff was unable to effectively perform her duties and tasks at Walter Reed Army Medical Hospital and consequently was forced to abandon her military career. Plaintiff received a medical disability rating of 80% attributable in part to the surgical complications arising out the May 13th, 1973 surgery.

Plaintiff contends that while the United States of America may be immune from suit in actions of this nature the individual military personnel allegedly responsible for her injuries are not so immune.

■ The Court disagrees. In the Court's view the law is settled in this circuit that members of the Armed Services are immune from liability, in suits brought by fellow members of the military service, for service connected injuries caused by a fellow serviceman's negligent acts performed in the line of duty. See *Feres v. United States*, 340 U.S. 135, 141, 71 S.Ct. 153, 95 L.Ed. 152 (1950). In the case of *Hass v. United States*, 518 F.2d 1138, 1143 (4th Cir. 1975), Circuit Judge Craven speaking for the United States Court of Appeals for the Fourth Circuit quoting a district court, *Roach v. Shields*, 371 F.Supp. 1392, 1393 (E.D.Pa. 1974), stated as follows:

> It is established that members of the United States military service are immune from recovery, in suits brought by fellow members of the military service, for service-connected injuries

caused by their negligent acts, either ministerial or discretionary in nature, performed in the line of duty.

■ The law is settled that military doctors cannot be held personally liable for malpractice if the victim was on active duty when the injury occurred. See *Harten v. Coons*, 502 F.2d 1363 (10th Cir. 1974); *Tirrill v. McNamara*, 451 F.2d 579 (9th Cir. 1971); *Bailey v. DeQuevedo*, 375 F.2d 72 (3d Cir. 1967); *Bailey v. VanBuskirk*, 345 F.2d 298 (9th Cir. 1965); *Roach v. Shields*, 371 F.Supp. 1392 (E.D. Pa.1974); *Kennedy v. Maginnis*, 393 F.Supp. 310 (D.Mass.1975).

■■ The test to be applied in determining whether one serviceman enjoys immunity from suits based on negligence filed by another serviceman is whether the injury complained of arises out of activity incident to military service. As the surgical and medical treatment providing the basis for this action was made available on the basis of plaintiff's active duty military status, and was performed by active duty military personnel the injury clearly arises out of activity incident to military service, and the motion must be granted.

An appropriate order will issue.