Frank W. PISCIOTTA and Loretta C. Pisciotta, Plaintiffs,

v.

Isidore FERRANDO, M.D., et al., Defendants.

No. 76 Civ. 2169.

United States District Court, S. D. New York.

March 28, 1977.

Peter L. Maroulis, Poughkeepsie, N. Y., for plaintiffs. Bruce Hofstetter, Poughkeepsie, N. Y., of counsel.

Clark, Gagliardi & Miller, White Plains, N. Y., for defendants. Lawrence T. D'Aloise, Jr., White Plains, N. Y., of counsel.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for Richard T. Travis, M.D., Stuart I. Parker, Asst. U. S. Atty., New York City, of counsel.

LASKER, District Judge.

Frank and Loretta Pisciotta commenced this action in state court against an Army doctor and three civilian doctors for alleged malpractice in their treatment of a fractured leg which Frank Pisciotta sustained in an automobile accident. Pisciotta, an enlisted man in the Army, was first treated at the Vassar Brothers Hospital in Poughkeepsie, New York, and then at the Army Hospital at West Point. The Pisciottas claim that the three civilian doctors improperly set the fractured leg, and that the Army doctor, Richard T. Travis, aggravated the injuries by additional malpractice at the Army facility.

Pursuant to 28 U.S.C. §§ 1442a and 1446 Dr. Travis removed the action on May 13, 1976. He then moved for summary judgment on the ground that as a military physician, he is immune from suit arising out of treatment rendered to a serviceman on active duty. Travis' motion was opposed not only by the plaintiffs but also by the three co-defendants. They argued that under the doctrine of *Dole v. Dow,* 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972) they are entitled to assert a cross-claim against Travis for indemnification in the event they are found liable to plaintiffs for the injuries and objected to any disposition of the motion which would preclude such a cross-claim.

By Endorsement dated November 18, 1976, we determined that Travis was entitled to summary judgment dismissing plaintiffs' complaint regardless of a potential liability over to the other defendants. We suggested in dicta that *Dole v. Dow* was inapposite, since that case concerned the mutual liabilities of joint tort-feasors, whereas this case involves sequential torts alleged to have contributed to one injury.

The remaining defendants now move to reargue and for leave to initiate a third party action against Travis. For the reasons which follow the motion is denied.[1]

In *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the court held that the federal government is immune from suit by a serviceman under the Federal Tort Claims Act for injuries sustained while on active duty resulting from the negligence of others in the armed forces, including injuries attributable to the malpractice of military physicians. The case has been held by numerous courts to bar malpractice suits by servicemen against military physicians personally. *Tirrill v. McNamara,* 451 F.2d 579 (9th Cir. 1971); *Bailey v. DeQuevedo,* 375 F.2d 72 (3d Cir.) cert. denied, 389 U.S. 923, 88 S.Ct. 247, 19 L.Ed.2d 274 (1967); *Bailey v. Van Buskirk,* 345 F.2d 298 (9th Cir. 1965), cert. denied, 383 U.S. 948, 86 S.Ct. 1205, 16 L.Ed.2d 210 (1966); *Adams v. Banks,* 407 F.Supp. 139

---

1. We do not regard this as a motion to reargue within the scope of Local Rule 9(m), General Rules of the Southern District of New York. Hence, the motion, though made more than ten days after our previous decision, need not be denied as untimely. The point sought to be "reargued" was only dictum; moreover, the question presented is fairly before the court on a motion for leave to implead Travis.

(E.D.Va.1976); *Kennedy v. Maginnis,* 393 F.Supp. 310 (D.Mass.1975); *Roach v. Shields,* 371 F.Supp. 1392 (E.D.Pa.1974). And see *Rotko v. Abrams,* 338 F.Supp. 46 (D.Conn.1971), aff'd 455 F.2d 992 (2d Cir. 1972). It was on the strength of these authorities that Travis' previous motion was granted.

■ At the same time, under New York law a prior tortfeasor may be liable for an aggravation of the initial injury caused by a doctor's subsequent negligence. *Milks v. McIver,* 264 N.Y. 267, 269–70, 190 N.E. 487 (1934); *Derby v. Prewitt,* 12 N.Y.2d 100, 105–06, 236 N.Y.S.2d 953, 958, 187 N.E.2d 556 (1962). It is thus clear that the defendants may be held accountable to plaintiffs for damages resulting from Travis' alleged malpractice. Moreover, long prior to *Dole v. Dow, supra,* the New York courts permitted defendants in the position of movants here to implead a subsequent tort-feasor. See *Melodee Lane Lingerie Co. v. American District Telegraph Co.,* 18 N.Y.2d 57, 66–67, 271 N.Y.S.2d 937, 943–44, 218 N.E.2d 661 (1966). This right of partial indemnification was codified in the 1974 revision of C.P.L.R. § 1401. See *McLaughlin Practice Commentaries,* § 1401:3, N.Y.C.P.L.R. § 1401 (McKinney 1976). After *Dole,* it is no longer necessarily a bar to such a third-party claim under state law that the plaintiff cannot directly sue the third-party defendant.

■ The question presented then, is whether Travis, who is immune from direct liability for injury to the plaintiffs by operation of federally developed case law, may nevertheless be indirectly liable for those same injuries by virtue of a claim for indemnity by the prior tort-feasors. In *Don-*

*ham v. United States,* 536 F.2d 765 (1976) the Eighth Circuit Court of Appeals answered a closely analogous question in the negative. There, an Air Force pilot, who was seriously injured when he ejected from his plane and his "egress life support system" malfunctioned, brought suit against both the system's manufacturer and the United States. The District Court dismissed the action against the United States on grounds of sovereign immunity and also dismissed the manufacturers' cross-claim for indemnity. The Court of Appeals affirmed, reasoning, in part, that

"it would be anomalous to insulate the United States from claims of a serviceman for recovery of tort damages for service-incurred injuries but authorize a third party in the position of [the manufacturer] to force the United States to indirectly pay those damages." 536 F.2d at 770.

The court concluded that the existence or non-existence of a third-party action is a matter of federal law and that the rationale of the cases granting immunity to the federal defendants, requires that the immunity apply to third-party claims as well as to those asserted directly by the injured party.

We believe these propositions are both sound and dispositive of the instant motion. Although some courts have suggested that the principal of *Feres* does not necessarily bar third-party actions for indemnity, *Certain Underwriters at Lloyd's v. United States,* 511 F.2d 159, 163 (5th Cir. 1975); *Wellington Transportation Co. v. United States,* 481 F.2d 108, 111 (6th Cir. 1973); *Barr v. Brezina Constr. Co.,* 464 F.2d 1141, 1143 (10th Cir. 1972), *cert. denied,* 409 U.S. 1125, 93 S.Ct. 937, 35 L.Ed.2d 256 (1973),[2]

---

2. In reaching this conclusion these cases relied on dicta in three Supreme Court decisions. *Treadwell Construction Co. v. United States,* 372 U.S. 772, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963); *Weyerhaeuser Steamship Co. v. Nacirema Operating Co., Inc.,* 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958); *Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). In *Galimi v. Jetco, Inc.,* 514 F.2d 949 (2d Cir. 1975), which held that the exclusive remedy provision of the Federal Employees

Compensation Act cuts off a claim for contribution against the United States by a defendant sued by a government employee where the defendant asserts that the government is jointly liable for the injuries, Judge Gurfein has recently had occasion to analyze these as well as other pertinent Supreme Court decisions. In reference to these cases he concluded that:

"At one time . . . dicta from the Supreme Court seemed to imply that the exclusive remedy provisions of the several federal compensation statutes do not bar suits for

we think that in these circumstances it does. The principal concerns of *Feres* and its progeny are the threat to discipline and morale, the unusual difficulties of discovery and obtaining witnesses and the potentially disruptive effects on the military's ability to function which would attend a right of servicemen to sue others in the military for negligence. See *Feres v. United States, supra,* 340 U.S. at 145, 71 S.Ct. 153; *Bailey v. DeQuevedo, supra,* 375 F.2d at 73–74; *Kennedy v. McGinnis, supra,* 393 F.Supp. at 312. A third-party action against Travis would present precisely the same difficulties, since Pisciotta's involvement with the case would be substantially similar to his involvement in a direct action. An additional consideration supporting this application of the *Feres* ruling is the desireability of a uniform rule governing the liabilities of servicemen, *inter se.* The *Feres* court observed that it makes no sense to render members of the armed forces subject to varying rules depending on the location of their duty stations, a matter over which they have no control. 340 U.S. at 142–43, 71 S.Ct. 153. The same reasoning applies as to a serviceman's vulnerability to a third-party suit for indemnification. Finally, it is noteworthy that in this case, the defendants claim the benefit of no independent contractual or common law duty owed them by Travis. Rather they wish to assert a claim against him arising solely out of an alleged breach by Travis of a duty of due care owed

to the plaintiff, Frank Pisciotta. In this sense their claim is truly derivative to the underlying claim, which is precisely the claim on which suit is barred. Cf. *Ryan Stevedoring Co., Inc. v. Pan-Atlantic Corp.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956).

 In view of our disposition of this motion, there are no longer any federal issues in this case. What remains is a common law malpractice action between residents of New York State. Under these circumstances, it is appropriate to exercise our discretion under 28 U.S.C. § 1441(c) to remand the case to the State Supreme Court in Dutchess County. *Smith v. Rivest,* 396 F.Supp. 379, 383 (E.D.Wis.1975); *Pennsylvania Turnpike Comm. v. McGinnis,* 179 F.Supp. 578, 583 (E.D.Pa.1959), *aff'd,* 278 F.2d 330 (3d Cir.) *cert. denied,* 364 U.S. 820, 81 S.Ct. 57, 5 L.Ed.2d 51 (1960); *Chemical Corn Exchange Bank v. Hause,* 159 F.Supp. 148, 149 (S.D.N.Y.1958).

The motion is denied. The case is remanded to the Dutchess County Supreme Court.

It is so ordered.

---

contribution against the United States. But the Supreme Court has never so held and the weight of opinion in the Circuit Courts since

*Weyerhaeuser* and [*Treadwell*] points in the opposite direction." *Galimi v. Jetco, Inc., supra,* 514 F.2d at 955.