Stanley JAFFEE and Sharon Blinn Jaffee, Individually, and Stanley Jaffee, on behalf of all others similarly situated, Plaintiffs,

v.

UNITED STATES of America and certain past and present Officers and Officials of the United States Department of Defense, the Department of the Army, and the Atomic Energy Commission and the United States Army, whose names will be inserted when ascertained, each individually and in his official capacity, Defendants.

Civ. A. No. 78–1014.

United States District Court,
D. New Jersey.

March 29, 1979.

Kreindler & Kreindler, by Steven J. Phillips, New York City and Lanigan, O'Connell, Hirsch & Jacobs by Andrew R. Jacobs, Basking Ridge, N. J., for plaintiffs.

Robert J. Del Tufo, U. S. Atty. by Jerome Simandle, Asst. U. S. Atty., Newark, N. J., and Barbara Allen Babcock, Asst. Atty. Gen. (D. C.) by Mark S. Landman, Bruce E.

Titus, Asst. Director, U. S. Dept. of Justice, Washington, D. C., Robert L. Brittigan (D. C.), Major, JAGC Litigation Div., Washington, D. C., for defendants.

OPINION

STERN, District Judge.

This case presents the question whether the doctrine of intra-military immunity as pronounced by the Supreme Court in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) protects military officers who intentionally violate the constitutional rights of thousands of soldiers. With the gravest reluctance, recognizing that we are bound by the law as it now stands, the Court concludes that *Feres* exempts these defendants from liability.

The United States together with the named defendants, past and present officers of the Department of Army, Department of Defense and the Atomic Energy Commission, are sued directly under the Constitution.[1] It is alleged [2] that these defendants, intentionally and with full knowledge of the consequences of their actions, compelled thousands of soldiers to march into a nuclear explosion at Camp Desert Rock, Nevada, in 1953. As a result of his exposure to massive levels of radiation, the named plaintiff has developed cancer of the breast; the class members, it is predicted,

face a similar fate. Monetary relief is sought on behalf of Mr. Jaffee and his wife; on behalf of the class, plaintiff seeks to compel the United States to warn the class members to seek immediate medical help.

The individual defendants move to dismiss the complaint on the strength of *Feres.* Because we believe we are bound by that decision, the motion must be granted.

In *Feres v. United States, supra,* the Supreme Court held that the United States is not liable under the Federal Tort Claims Act (FTCA) for injuries incurred by claimants while on active duty in the armed forces.[3] Several reasons were advanced in support of that result. First, since the FTCA makes the United States liable "in the same manner and to the same extent as a private individual under like circumstances", Congress could not have intended to impose liability for acts which have no counterpart in the private sector. Second, the uniquely "federal" nature of the relationship of soldier to the militia, into which the divergent tort laws of the states should not be injected. Third, the enactment by Congress of various uniform death and disability benefits for members of the armed forces and their families, evidencing a Congressional intent that the FTCA was inapplicable to injuries incident to military service.[4] The *Feres* doctrine was recently re-

---

1. The original complaint named only the United States. Because the plaintiff sued the United States directly under the Constitution and not under a specific waiver of immunity, one count of the original complaint was dismissed on the basis of sovereign immunity. The Court, however, agreed to certify the issue for appeal pursuant to 28 U.S.C. § 1292(b). On appeal, the Court of Appeals for the Third Circuit affirmed the judgment except insofar as the complaint sought to compel the United States to warn class members of the health hazards which they faced. With respect to that claim, the court held, there had been a waiver of sovereign immunity under the Administrative Procedure Act, 5 U.S.C. §§ 501 *et seq.* because review was sought of an agency's "inaction". *See, Jaffee v. United States,* 592 F.2d 712 (3rd Cir., 1979).

2. We must, of course, accept as true the allegations of the complaint.

3. Previously, in *Brooks v. United States,* 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949) the Court held that a member of the armed services may recover from the United States under the Tort Claims Act for injuries not incident to his service. The Court there left open the question whether the United States could be held liable for injuries incident to service. The *Brooks* holding was followed in the post-*Feres* case of *United States v. Brown,* 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), holding that the United States may be liable under the FTCA for injuries incurred by a serviceman *after* his discharge because of the malpractice of the Veterans Administration Hospital.

4. While *Feres* itself did not rest on policy considerations, subsequent cases have discerned a policy basis for that decision. *See, e. g., United States v. Brown, supra,* at 112, 75 S.Ct. at 143, noting "[t]he peculiar and special relationship of the soldier to his superiors, the effects of the

affirmed in *Stencel Aero Engineering Corp. v. United States,* 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977), in which the Supreme Court held that a third party may not seek indemnification against the United States where the victim's injuries are incident to military service.

Plaintiffs ask this Court to distinguish *Feres* on two grounds. First, they argue that *Feres* applies only to claims against the United States made pursuant to the Federal Tort Claims Act, and not to claims made against individual officers of the United States. Second, they argue that *Feres* applies only to negligence and not to intentional acts which deprive others of their constitutional rights. We find that the present state of the law does not permit us to uphold this claim.

The Court of Appeals for the Third Circuit has held that *Feres* cannot be avoided by bringing suit against individuals rather than against the United States. In *Bailey v. DeQuevedo,* 375 F.2d 72 (3rd Cir.), *cert. denied,* 389 U.S. 923, 88 S.Ct. 247, 19 L.Ed.2d 274 (1967), plaintiff alleged that while on active duty and confined in an Army hospital, he was the victim of an Army surgeon's malpractice. The court held that *Feres* precluded the suit:

> Although Feres . . . involved the construction of the Tort Claims Act, the Court's decision did not turn on the language of the Act itself but on "[t]he peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results which might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty * * *" *United States v. Brown,* 348 U.S. 110, 112 [75 S.Ct. 141, 143, 99 L.Ed. 139] . . (1954).

375 F.2d at 74. Other circuits have similarly held under *Feres* that a plaintiff injured while on active duty may not bring suit against individual employees of the United States. *See, e. g., Hass v. United States,* 518 F.2d 1138 (4th Cir. 1975); *Tirrill v. McNamara,* 451 F.2d 579 (9th Cir. 1971); *United States v. Lee,* 400 F.2d 558 (9th Cir. 1968), *cert. denied,* 393 U.S. 1053, 89 S.Ct. 691, 21 L.Ed.2d 695 (1969); *Bailey v. Van Buskirk,* 345 F.2d 298 (9th Cir. 1965), *cert. denied,* 383 U.S. 948, 86 S.Ct. 1205, 16 L.Ed.2d 210 (1966); *Misko v. United States,* 453 F.Supp. 513 (D.D.C.1978), *appeal pending,* 193 U.S.App.D.C. 217, 593 F.2d 1371; *Pisciotta v. Fernando,* 428 F.Supp. 685 (S.D. N.Y.1977).

Every court that has considered plaintiff's second contention—that *Feres* does not apply to intentional acts—has rejected it. Recently, in *Misko v. United States, supra,* suit was brought under the Fifth Amendment against individual Army officers who allegedly confined the plaintiff, then on active duty in the National Guard, in Walter Reed Hospital, where they administered drugs against his will. The court held that *Feres* applied despite "the characterization of the malpractice claim in constitutional terms . . ." It noted that "[a]ny other result would mean that the *Feres*-based immunity of armed forces medical officers could be abrogated through an exercise in artful pleading." 453 F.Supp. at 515. *See also, Lange v. Black,* Civ. No. 78–518–E (S.D.Calif.1979); *Citizens National Bank of Waukegan v. United States,* No. 77 C 1974 (E.D.Ill.1978), *appeal pending,* 594 F.2d 1154, No. 78 ·1550 (7th Cir.) (noting that "litigation over intentional torts would disrupt discipline just as much as negligence actions"); *Dolliver v. United States,* Civ. No. 77–Z–659 (D.Col. 1977). *Cf., Rotko v. Abrams,* 338 F.Supp. 46 (D.Conn.1971), *aff'd per curiam,* 455 F.2d 992 (2nd Cir. 1972) (*Feres* bars suit to recover for wanton injuries incurred in Viet Nam).

This Court is forced to agree that *Feres* and its offspring require dismissal of the individual defendants. To the extent that *Feres* is predicated upon the need for maintaining military discipline and avoiding ju-

---

maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for

negligent orders given or negligent acts committed in the course of military duty . . . ."

dicial review of military orders, that consideration apparently applies with equal force to the negligence, intentional torts and unconstitutional actions of military officers. It is unfortunate that the law prevents this Court from limiting *Feres* to orders made in the heat of battle.

This unjust application of the *Feres* rule is perhaps best summed up in a colloquy between this Court and the government at oral argument:

> The Court: [A]s I read the law, it doesn't matter if they stood up there and said, "one, two, three, left, right, left," and marched them over a cliff . . . You'd be protected under *Feres* . . .?
>
> Mr. Landman: Yes, your Honor.

(Tr. 3/7/79 at 3).

The motion to dismiss the individual defendants will be granted.