George S. **BAILEY,** Appellant,

v.

**K. E. VAN BUSKIRK,** Appellee.

No. 19490.

United States Court of Appeals
Ninth Circuit.

April 26, 1965.

Richard A. De Santis, Beverly Hills, Cal., for appellant.

John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Robert V. Zener, Attys., Dept. of Justice, Washington, D. C., Manuel Real, U. S. Atty., Donald J. Merriman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, JERTBERG and ELY, Circuit Judges.

CHAMBERS, Circuit Judge:

Plaintiff, an enlisted man in the United States army, in this diversity action sues two army medical surgeons [1] personally for alleged malpractice in an operation performed at Letterman Army Hospital at San Francisco. He says negligent leaving of surgical sutures in the kidney area on the first operation necessitated a second operation and the removal of a kidney.

The district court dismissed the action, holding that an army doctor in the facts here is entitled to immunity. We affirm.

Counsel for Bailey pleads and argues his case with skill and ingenuity. We think the same policy considerations govern here as governed in the Jefferson and Griggs cases in the Feres group, Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152. This is not a tort claims case, but in principle we regard our result as a fortiori.

We are satisfied that while the army medical corps performs mostly a function of service, it nevertheless has a command function over all officers and enlisted men who are admitted to its facilities during the period of their admission.[2] The operations were performed by the medical officers in line of duty. It is not yet within the American legal concept that one soldier may sue another for negligent acts performed in the line of duty. The idea is that an undisciplined army is a mob and he who is in it would weaken discipline if he can civilly litigate with others in the army over the performance of another man's army duty.

The military service does not leave those permanently injured in the line of duty uncompensated. Congress has attended to such things in a reasonably adequate way. All we deny plaintiff-appellant is a remedy he likes better.

Judgment affirmed.

---

1. Augusto G. DeQuevedo, one of the surgeons, was dismissed from the case when the trial court held there was no adequate personal service of process upon him. As to this, Bailey does not appeal.

2. See Army Regulations, AR 40–2, Section II, paragraphs 3 and 4a. Paragraph 4a, Military Patients, seems to have remained unchanged since the Regulations were published on November 4, 1960.