**George S. BAILEY**

**v.**

**Augusto G. DeQUEVEDO**
**and**
**K. E. Van Buskirk.**

**Civ. A. No. 33408.**

United States District Court
E. D. Pennsylvania.

May 7, 1965.

---

Peter O. Clauss, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Sidney Salkin, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

DAVIS, District Judge.

The plaintiff instituted this action claiming damages caused by the alleged negligence of the defendants. Plaintiff is an enlisted man in the United States Army and the defendants are officers in the Medical Corps of the United States Army. This case is now before the Court on Defendants' motions to dismiss.

The plaintiff alleges that he was admitted to the Letterman General Hospital, a U. S. Army facility located in San Francisco, California, for treatment on or about March 23, 1961. The defendants treated the plaintiff until about July 15, 1962 during which time it is alleged that a non-dissolving suture was left in the abdominal cavity of the plaintiff due to the negligence of the defendant doctors.

Plaintiff first instituted an action in the United States District Court for the Southern District of California against these same defendants alleging the same cause of action. The action was dismissed as to defendant DeQuevedo for lack of personal jurisdiction. The Court thereafter dismissed the action as to the defendant Van Buskirk for failure ·to state a claim upon which relief may be granted. This latter dismissal was on the merits of the plaintiff's claim and is res judicata. Plaintiff argues that the doctrine of res judicata does not apply since the parties to this action are not the same because of lack of personal jurisdiction over defendant DeQuevedo by the California District Court. The addition in the instant action of another defendant has no effect whatsoever on the applicability of the law pertaining to res judicata. Plaintiff's right was to appeal the adverse ruling of the California District Court and it is not necessary to cite authority for the proposition that a dismissal on the merits as to a defendant estops the same plaintiff from again instituting an action against the same defendant based on the same set of facts. This action, therefore, must be dismissed as to the defendant Van Buskirk.

Turning to the merits of plaintiff's claim against defendant DeQuevedo, it is conceded that at all times material to the facts in issue, both the plaintiff and DeQuevedo were members of the United States Army and were acting under orders promulgated by proper authority. The question to be resolved is whether under these circumstances, a member of the Armed Services may maintain an action against another member of the Armed Services for alleged medical malpractice performed within the scope of the defendant's official duties.

The United States was not made a party to this action since it is clear

that the sovereign is immune from suit under these circumstances and the Federal Tort Claims Act (28 U.S.C. § 1346 et seq.) does not provide an exception for suit by a member of the Armed Forces against the government. United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954); Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

Plaintiff argues that the performance of an operation is not a discretionary function and therefore the instant case is not controlled by Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Bershad v. Wood, 290 F.2d 714 (9th Cir. 1961); or Gregoire v. Biddle, 177 F.2d 579 (2nd Cir. 1949).

These cases, which are relied on by the defendant, involved the immunity of a governmental official from suit arising out of the exercise of his discretion within the scope of his official duties. Plaintiff contends that the decision to operate might involve the exercise of discretion but the operation itself is to be performed with due care and the defendant doctor has no discretion to exercise in this regard. Therefore, if the injury is caused by an act which is not discretionary, then the defendant may be held liable if such an act was negligent.

 Whether this distinction between a discretionary and a ministerial function, on which the above cited cases depend, is accepted or not, this Court feels compelled to grant the motion to dismiss. The Barr, Bershad, and Gregoire cases, supra, all involved administrative officials of the government acting in a discretionary manner within the scope of their official duties.[1] The relationship between members of the Armed Services is peculiar to that calling and, when acting within the scope of his official duties, a superior is immune from a civil action arising out of the discharge of those duties whether it be ministerial or discretionary. Feres v. United States, supra; Gamage v. Peal, 217 F.Supp. 384 (N.D.Cal.1962).

Plaintiff urges that this Court deny the motion to dismiss at least for the present as being premature since the defendants' answer denies the allegations of fact in plaintiff's complaint. The fact of negligence is not involved in the disposition of this motion to dismiss since we hold that a member of the Armed Services is not entitled to maintain an action against a medical doctor, who is a member of the Armed Services, for injury arising out of the acts performed by the doctor within the scope of his military function and duties.

## ORDER

And now this 7th day of May, 1965, the defendants' motions to dismiss are hereby granted.

---

[1] The plaintiff cites Costley v. United States, 181 F.2d 723 (5th Cir. 1950) and Dishman v. United States, 93 F. Supp. 567 (D.C.Md.1950) for the proposition that medical treatment did not involve a discretionary function. This holding was to avoid the applicability of an exemption in the Federal Tort Claims Act, 28 U.S.C. § 2680(a), but neither plaintiff was a member of the Armed Forces.