**George S. BAILEY, Appellant,**

v.

**Agusto G. DeQUEVEDO**

and

**K. E. Van Buskirk.**

No. 15457.

United States Court of Appeals
Third Circuit.

Argued Oct. 17, 1966.

Decided April 3, 1967.

Peter O. Clauss, Philadelphia, Pa. (Walter V. McLaughlin, Jr., Clark Ladner, Fortenbaugh & Young, Philadelphia, Pa., Richard A. DeSantis, Beverly Hills, Cal., on the brief), for appellant.

Robert V. Zener, Atty., Dept. of Justice, Civ. Div., Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., David L. Rose, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellees.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

OPINION OF THE COURT

KALODNER, Circuit Judge.

Can an enlisted man in the United States Army maintain an action against an Army medical surgeon for alleged malpractice in an operation performed at an Army hospital?

The District Court answered this question in the negative and dismissed the action.[1] This appeal followed.

The record discloses that the plaintiff, George S. Bailey, instituted this diversity action in the court below against the defendants Agusto G. DeQuevedo and K. E. Van Buskirk, Army doctors, alleging in his complaint that while he was an Army enlisted man, DeQuevedo neg-

1. The opinion of the District Court is reported at 241 F.Supp. 335 (E.D.Pa.1965).

ligently left non-dissolving sutures in his abdomen when he operated on him in an Army hospital and that both defendants thereafter negligently failed to take corrective action, necessitating subsequent surgery and removal of a kidney.

The defendants filed a motion to dismiss asserting that (1) the complaint failed to state a cause of action upon which relief could be granted, and (2) the action, insofar as the defendant Van Buskirk was concerned, was barred by *res adjudicata* by reason of the fact that an earlier similar suit against him had been dismissed on its merits in Bailey v. DeQuevedo, et al., Civil Action No. 62–1235–CC, United States District Court for the Southern District of California, Central Division, aff'd sub nom., Bailey v. Van Buskirk, 345 F.2d 298, (9 Cir. 1965), cert. den. 383 U.S. 948, 86 S.Ct. 1205, 16 L.Ed.2d 210 (1966).

The court below granted the motion to dismiss as to DeQuevedo on its holding that "a member of the Armed Services is not entitled to maintain an action against a medical doctor, who is a member of the Armed Services, for injury arising out of the acts performed by the doctor within the scope of his military function and duties".[2] It dismissed the action as to Van Buskirk on its holding that the dismissal of the plaintiff's suit against him in California on the ground that it failed to state a cause of action upon which relief could be granted was a dismissal on the merits and was therefore *res adjudicata*.[3]

It must be noted at this point that the plaintiff has withdrawn his appeal with respect to Van Buskirk.

With respect to his appeal from the dismissal of his action against DeQuevedo, the plaintiff here contends that in the absence of statutory immunity, an enlisted man is entitled to maintain an action founded upon principles of common law liability against an Army physician for medical malpractice.

DeQuevedo contends, in reply, that the policy judgment implicit in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), that a soldier cannot sue the United States under the Federal Tort Claims Act for line of duty negligence, precludes the instant action against him. He cites the statement in *Feres* that "We know of no American law which ever has permitted a soldier to recover for negligence, against either his superior officers or the Government he is serving." 340 U.S. 141, 71 S.Ct. 157. He also points to the fact that two of the three suits decided in *Feres* charged malpractice on the part of military doctors in military hospitals.

DeQuevedo further urges that the Ninth Circuit, in Bailey v. Van Buskirk, supra, correctly applied the policy judgment in *Feres* when it affirmed the dismissal of the plaintiff's action with this statement:

"\* \* \* We think the same policy considerations govern here as governed in the Jefferson and Griggs cases in the Feres group, Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152. This is not a tort claims case, but in principle we regard our result as a fortiori.

We are satisfied that while the army medical corps performs mostly a function of service, it nevertheless has a command function over all officers and enlisted men who are admitted to its facilities during the period of their admission. The operations were performed by the medical officers in line

---

2. 241 F.Supp. 337.

3. In dismissing the action against Van Buskirk (after dismissing it as to DeQuevedo for lack of personal jurisdiction) the District Court for the Southern District of California had stated:
   "Since this is a suit by a person in the armed services against a defendant who also was a member of the armed services for alleged malpractice, the action must be dismissed because the complaint does not state a claim upon which relief can be granted." Bailey v. DeQuevedo, Civil Action No. 62–1235–CC (1964).

of duty. It is not yet within the American legal concept that one soldier may sue another for negligent acts performed in the line of duty. The idea is that an undisciplined army is a mob and he who is in it would weaken discipline if he can civilly litigate with others in the army over the performance of another man's army duty.

The military service does not leave those permanently injured in the line of duty uncompensated. Congress has attended to such things in a reasonably adequate way. All we deny plaintiff-appellant is a remedy he likes better."

We, too, are of the opinion that an enlisted man in the armed services of the United States cannot maintain an action against an Army medical surgeon for negligence in an operation performed at an Army hospital in line of duty. We accordingly hold that the court below did not err in dismissing the instant action. That being so, we do not reach DeQuevedo's further contention that the plaintiff is bound by the judgment in the California action on the ground of res adjudicata.

Although Feres v. United States, supra, involved the construction of the Tort Claims Act, the Court's decision did not turn on the language of the Act itself, but on "[t]he peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty * * *." United States v. Brown,

348 U.S. 110, 112, 75 S.Ct. 141, 143, 99 L.Ed. 139 (1954). Thus in Brown, it was held that a discharged veteran could maintain an action against the United States under the Tort Claims Act for injury suffered, after his discharge, in a Veterans Administration hospital as a result of negligent treatment of a service-connected disability. The Court distinguished Feres by stating that in the case before it, "[t]he injury for which suit was brought was not incurred while [plaintiff] was on active duty or subject to military discipline." 348 U.S. 112, 75 S.Ct. 143 (emphasis supplied). The Court also stated that it adhered "to the line drawn in the Feres case between injuries that did and injuries that did not arise out of or in the course of military duty." 348 U.S. 113, 75 S.Ct. 144 (emphasis supplied).

In the instant case, the plaintiff was on "active duty" and "subject to military discipline", and the defendant's alleged negligent action was "committed in the course of military duty."

While it is true that the Jefferson and Griggs cases [4] in the Feres group were actions against the United States under the Federal Tort Claims Act and here the action is against an Army surgeon based on common law negligence principles, we agree with the Ninth Circuit's view that the "same policy considerations govern here as governed in the Jefferson and Griggs cases in the Feres group, Feres v. United States, 340 U.S. 135 [71 S.Ct. 153, 95 L.Ed. 152]." [5]

For the reasons stated, the Order of the District Court will be affirmed.

---

4. In the Jefferson case the plaintiff alleged that "while in the Army", he was required to undergo abdominal surgery and that an Army surgeon negligently left a towel in his stomach during its performance; in the Griggs case the complaint charged that the plaintiff's de-cedent while on active duty "met death because of negligent and unskillful medical treatment by army surgeons." 340 U.S. 137, 71 S.Ct. 155.

5. 345 F.2d 298.