Clarence E. **MATTOS**, Sr., and Clara Mattos, Plaintiffs,

v.

**UNITED STATES** of America, Newton Wakeman, William Hickey, Captain Tucker, Doe I through Doe XI, Defendants.

Civ. No. S–66–37.

United States District Court
E. D. California.

Sept. 22, 1967.

Friedman & Collard, Sacramento, Cal., for plaintiff.

William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

Plaintiffs are the parents of Clarence E. Mattos, Jr. (hereinafter "decedent") who was killed when a truck driven by one John Vaughn overturned. At the time of the accident decedent was a member of the organized reserve of the United States Marine Corps and was riding in the truck pursuant to his military duties in regularly scheduled training. The action was originally filed in the Superior Court of the State of California, in and for the County of Sacramento. Damages for wrongful death were sought from the driver, Vaughn, who was a fellow Marine, Wakeman and Hickey, superior officers of the decedent, Tucker, inspector-instructor of decedent's military unit, and eleven Doe defendants. The action was removed to this court, and the United States was subsequently substituted for Vaughn as a defendant pursuant to 28 U.S.C. § 2679(b). That section provides that the exclusive remedy for death resulting from operation of a motor vehicle by an employee of the Government acting within the scope of his employment is to sue the United States under the Federal Tort Claims Act.

All defendants have now moved to dismiss the action on the ground that the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b) (6). Their contentions are twofold: (1) no recovery may be had as against the United States because of judicially-created exception to the Federal Tort Claims Act which covers the present situation; and (2) no recovery may be had against the individual defendants as a corollary to the immunity given the United States under defendant's first contention.

The crux of the matter is whether the immunity carved out by Feres v. United States, 340 U.S 135, 71 S.Ct. 153, 95 L. Ed. 152 (1950), is applicable here. *Feres* held that the United States cannot be liable under the Federal Tort Claims Act for injuries to servicemen arising from activity incident to military service. Plaintiffs argue that *Feres* involved a regular member of the armed forces and should not be extended to reservists injured or killed while on week end drills.

 I have examined the arguments of counsel, and I conclude that the *Feres* case is applicable to members of the en-

listed reserves participating in week end training. The underlying rationale of the *Feres* exception was expressed in the later case of United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954) where the Court said of *Feres:*

> The peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty, led the Court to read that Act as excluding claims of that character. Id. at 112, 75 S.Ct. at 143.

I agree with defendants that the compelling necessity for military discipline is required in *any* military unit which is expected to function as such, especially while its members are in training. Thus, I do not believe the distinction that plaintiffs would have me draw between regulars and reservists is a viable one. This result is hardly unprecedented. See United States v. Carroll, 369 F.2d 618 (8th Cir. 1966); O'Brien v. United States, 192 F.2d 948 (8th Cir. 1951); Drumgoole v. Virginia Elec. & Power Co., 170 F.Supp. 824 (E.D.Va.1959). It follows that the motion to dismiss shall be granted as to the defendant United States.

 The complaint is also insufficient as to the individual defendants, decedent's superior officers. The ninth circuit has disposed of the theory that a soldier may recover against his superiors for negligent acts. Bailey v. Van Buskirk, 345 F.2d 298 (9th Cir. 1965), was an action by an army enlisted man against two army surgeons for alleged malpractice. Judge Chambers, writing for the court, found that the *Feres* rule applied and upheld the district court's dismissal of the action. He explained in his usual succinct fashion:

> It is not yet within the American legal concept that one soldier may sue another for negligent acts performed in the line of duty. The idea is that an

undisciplined army is a mob and he who is in it would weaken discipline if he can civilly litigate with others in the army over the performance of another man's duty. Id. at 298.

Thus, the motion to dismiss by the individual defendants must also be granted.

It is therefore ordered that defendants' motions to dismiss are hereby granted.