Nicholas **SELLERS**, Plaintiff,

v.

Joseph M. **McCRANE**, Jr. t/a Commanding Officer, 11th Special Forces Group, Defendant.

**Civ. A. No. 71–2580.**

United States District Court,
E. D. Pennsylvania.

July 25, 1972.

Nicholas Sellers, Binns & VanAlen, Philadelphia, Pa., for plaintiff.

Walter S. Batty, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

VAN ARTSDALEN, District Judge.

This action raises unique questions concerning the right of a veteran to be reinstated in his former Army Reserve unit after he was discharged from active service. The asserted right is founded on the Selective Service Act of 1967, 50 U.S.C.A. App. § 459 (1968). This section of the Act grants the right to a veteran to be restored to his former job upon discharge from active service, subject to certain qualifications not presently applicable.[1]

Plaintiff asserts that he was a member of the 11th Special Forces Group, United States Army Reserve; that he volunteered for and served two years active army duty, part of the time in Vietnam; that upon discharge from active duty, he was qualified and made prompt and proper application for reinstatement in the 11th Special Forces Group; that although application was made in 1969, he has not been reinstated.

The action names as the only defendant "Joseph M. McCrane, Jr., t/a Com-

---

1. The Act is very broad in its scope. It applies to private and federal public employment. The Act further declares it to be "the sense of Congress" that similar rights be afforded employees of any state or political subdivision. 50 U.S.C.A. App. § 459(b) (C).

manding Officer, 11th Special Forces Group." The complaint alleges, *inter alia*, that the defendant in violation of law and regulations, failed and refused to act on the application and to forward the same to higher military headquarters; that the defendant was negligent and failed to perform his duty and was neglectful of his duty by nonfeasance and misfeasance; that the defendant retained, concealed or destroyed the application; that the defendant discriminated against the plaintiff because plaintiff was of a racial minority and a combat veteran.

The relief sought is reinstatement by court order and damages, including actual monetary loss of pay, retirement credits, etc., "pain and suffering", and punitive damages.

Procedurally, the plaintiff has challenged the right of the United States Attorney to represent the defendant. The United States Attorney filed an appearance on behalf of the defendant and filed an answer to the complaint in which the factual allegations of wrongdoing were denied. In addition, the answer asserted as defenses, lack of subject-matter jurisdiction, failure to state a cause of action, and nonliability by reason of the defendant performing official duties. Plaintiff moved to strike the answer, specifically objecting to the representation of the defendant by the United States Attorney because "the United States Government has no interest of the public to represent in this case to authorize its participation in such litigation of a private character alone." Thereafter, the United States Attorney filed on behalf of the defendant a Rule 12(c) [2] motion for judgment on the pleadings "on the ground that the court lacks subject matter jurisdiction over the defendant." To this, plaintiff filed an affidavit that, in essential parts, merely restates his conclusion that the court has both subject-matter and personal jurisdiction.

Plaintiff's contentions involve important matters of the rights of returning veterans, as well as delicate matters of the extent to which the judiciary may impose itself into the operation of the military. Additionally, plaintiff has substantial practical interests because, if placed merely on an inactive reserve status as opposed to reinstatement in the 11th Special Forces Group, he would lose the right to drill and duty pay, promotion possibilities, retirement credits and other benefits.

Viewing the pleadings in the light most favorable to plaintiff, as is required on a Rule 12(c) motion for dismissal by defendant, if the rights secured for a veteran under the Selective Service Act of 1967 are applicable to reinstatement in an Army Reserve unit then plaintiff's rights are being grossly violated. Even more shocking, are the allegations that he has not been reinstated because of racial discrimination and the prejudice of the commanding officer against combat veterans. It is sad and almost unthinkable that a soldier who voluntarily enters active duty from a Reserve unit finds himself unable to rejoin his Reserve unit upon release from active duty, after having acquired the skills, knowledge, and expertise learned from combat duty, because of personal prejudice of the Reserve unit's commanding officer against soldiers who are combat veterans or of a racial minority group. This is the tenor of the complaint, which, of course, is denied by the answer.

Without deciding the difficult substantive questions raised by the Rule 12(c) motion, the service must be quashed for failure to secure personal jurisdiction over the person of the defendant. Plaintiff has consistently taken the position in the pleadings and the brief that this is not an action against the Army or any branch of the government, but rather, against the defendant individual-

---

2. Rule 12(c), Federal Rules of Civil Procedure (1970).

ly. Based on this contention, plaintiff asserts that the United States Attorney should not represent the defendant. Accepting the theory that this is a personal action against only the defendant individually for wrongdoing by him alone, the service of process was defective, and defendant's person is not properly before this court.

█ The complaint was served by the United States Marshal's Office upon the defendant in the State of New Jersey. Although Rule 4(f) of the Federal Rules of Civil Procedure (1970) permits personal service anywhere in the Commonwealth of Pennsylvania, no rule or statute of which I am aware will permit personal service on the defendant outside of Pennsylvania in this type of action. Counsel have referred to no case that would so authorize service. The service is ineffective. See 4 Wright and Miller, Federal Practice and Procedure, § 1124 (1969).

█ The filing of the answer by the United States Attorney, without therein expressly raising the issue of jurisdiction over the person, does not, in this case, waive that defense. The filing of a responsive answer normally would waive the defense of lack of personal jurisdiction. Varone v. Varone, 392 F.2d 855 (7th Cir. 1968), cert. denied, 393 U.S. 872, 89 S.Ct. 162, 21 L.Ed. 2d 141; Bethlehem Steel Corp. v. Devers, 389 F.2d 44 (4th Cir. 1968). 5 Wright and Miller, Federal Practice and Procedure, § 1391 (1969). However, in this case, plaintiff took the position that the United States Attorney may not properly represent defendant as an individual and moved to strike the answer. This being so, the court will grant the motion insofar as the answer purports to be the answer of the defendant individually. Although logically, the same would apply to the Rule 12(c) motion, defendant has not raised the issue of the right of the

United States Attorney to file this motion. The motion does raise the issue of lack of jurisdiction over the person of defendant, and the factual situation establishes that the service was ineffective in securing jurisdiction. Although this will not cause a complete dismisssl, it will cause the service of process to be quashed, and will prohibit plaintiff from proceeding until and unless he secures proper service on the defendant in the Commonwealth of Pennsylvania. Seman v. Pittsburgh Brewing Company, 25 F. R.D. 209 (N.D.Ohio, 1960).

█ Insofar as this action seeks to have plaintiff reinstated in the 11th Special Forces Group of the Army Reserve, this relief cannot be granted irrespective of whether plaintiff eventually secures proper service over defendant. Specific remedies are provided in the Selective Service Act of 1967 to enforce the purposes of the Act. Against a private employer, an aggrieved person may file action in the district court for compliance and lost wages and benefits, with the further provision that the United States Attorney shall represent the veteran "if reasonably satisfied" that the complainant is entitled to relief.[3] If one is not reinstated to federal employment, an appeal may be taken to the Civil Service Commission if in the executive or legislative branch.[4] If employed by the judicial branch, the appointing officer is merely directed to restore the person to office.[5]

█ It is unnecessary to decide the substantive and procedural rights, if any, which plaintiff may have for reinstatement in his Reserve unit. If indeed the plaintiff has a substantive right to be reinstated, it is clear that such action must be directed against the Army and those persons directly responsible for the control and operations of that branch of government, as opposed to an action against the commanding officer.

3. 50 U.S.C.A. App. § 459(d).

4. 50 U.S.C.A. App. § 459(e) (2).

5. 50 U.S.C.A. App. § 459(e) (3).

The individual sued, Joseph M. Mc-Crane, Jr., is not the employer of the men under his command. He neither pays their salary nor has the discretion to hire or fire. To the extent that this action seeks the relief of being reinstated, the complaint will be dismissed for failure to state a cause of action against the defendant. Until and unless proper jurisdiction is obtained over the person of the defendant, no determination will be made as to whether the plaintiff has any other substantive cause of action against the defendant as an individual.[6]

---

6. The cases are clear that one soldier may not sue another soldier for negligent acts performed in the line of duty, irrespective of rank. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) ; Bailey v. Van Buskirk, 345 F.2d 298 (9th Cir. 1965) ; Mattos v. United States, 274 F.Supp. 38 (E.D.Cal.1967), aff'd, 412 F.2d 793 (9th Cir. 1969).