No. 76–530. MARTINEZ, ADMINISTRATRIX *v.* SHROCK ET AL. C. A. 3d Cir. Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL join, dissenting.

Petitioner's decedent, a retired Army sergeant, died shortly after undergoing a gall bladder operation performed by respondents, two Army surgeons. Petitioner instituted survival and wrongful-death claims under New Jersey law in the Superior Court of New Jersey. Respondents removed the action to the United States District Court. The District Court dismissed the complaint on the ground that respondents were absolutely immune from personal liability for acts done within the scope of their official duties under *Barr* v. *Mateo,* 360 U. S. 564 (1959). The Court of Appeals for the Third Circuit, sitting en banc, affirmed.

The Court of Appeals placed principal reliance on its decision in *Bailey* v. *DeQuevedo,* 375 F. 2d 72, cert. denied, 389 U. S. 923 (1967), which in turn relied heavily upon *Feres* v. *United States,* 340 U. S. 135 (1950). In *Feres* the Court held that the United States was not subject to suit under the Federal Tort Claims Act, 28 U. S. C. §§ 1346 and 2671 *et seq.* (1970 ed. and Supp. V), for injuries resulting from the negligence of an Army surgeon in the performance of his duties. In *Bailey* the Third Circuit applied this rule to bar a diversity suit arising under state law against an Army surgeon personally.

The Court of Appeals' reliance on *Feres* and *Bailey* deserves further scrutiny. First, in both *Feres* and *Bailey* the persons injured were active-duty military personnel, a fact critical to the reasoning in both decisions, while petitioner's decedent was in a retired status at the time that the injury occurred. This Court has held that *Feres* does not apply where, as here, the person injured is a discharged veteran of the Armed Services. *United States* v. *Brown,* 348 U. S. 110 (1954). Second, the question presented in *Bailey*—whether the decision in *Feres,* which involved a statutory interpretation of the Tort Claims Act, creates an unqualified personal immunity for military physicians from suits arising under state law—has never been decided by this Court.

In the past, when Congress has seen fit to immunize certain categories of federal officials, including physicians, from suit, it has done so by statute. See 38 U. S. C. § 4116 (1970 ed. and Supp. V); 42 U. S. C. § 233. No such statute was applicable in this case.* Apart from these statutes, this Court has recognized a very narrow category of judicially created absolute immunity for some federal officials. See *Barr* v. *Mateo, supra.* However, such absolute immunity heretofore has only been applied to policymaking officials, and nowhere has it been suggested that there is a judicially created unqualified immunity for Government functionaries operating at respondents' level. Indeed, when faced with precisely the

---

*On October 8, 1976, after the Third Circuit's decision in this case, Congress by statute declared that an action against the United States is the sole remedy for injuries resulting from the negligent or wrongful acts or omissions of medical personnel in the Armed Forces, 90 Stat. 1985, 10 U. S. C. § 1089 (1976 ed.), thereby extending statutory immunity to Army surgeons such as respondents. This statute was not made retroactive, however, and therefore has no applicability to this case. Because the decision below has broader implications than presented by the narrow facts of this case, the enactment of the new statute does not detract from the utility of affording plenary consideration to the issues here presented.

same issue presented here, the Court of Appeals for the District of Columbia Circuit held that an Army medical officer was not entitled to absolute immunity from suit. *Henderson* v. *Bluemink,* 167 U. S. App. D. C. 161, 511 F. 2d 399 (1974). Hence, there is a square conflict between the Third Circuit and the District of Columbia Circuit as to the proper resolution of the issue presented in this case.

In order to decide the serious, unsettled question presented here, and to resolve the Circuit conflict, I would grant the petition for certiorari.