**Ralph Demsey STANSBERRY, Jr., Appellee,**

v.

**J. William MIDDENDORF, II, Secretary of the Navy, and United States of America, Appellant.**

**No. 76–2351.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 9, 1977.

Decided Jan. 4, 1978.

Christine W. Dean, Asst. U. S. Atty., Raleigh, N. C. (Carl L. Tilghman, U. S. Atty., and Joseph W. Dean, Asst. U. S. Atty., Raleigh, N. C., on brief), for appellant.

Charles K. McCotter, Jr., New Bern, N. C. (McCotter & Mayo, New Bern, N. C., on brief), for appellee.

Before WINTER, RUSSELL, and HALL, Circuit Judges.

PER CURIAM:

The plaintiff, a member of the United States Navy stationed at Cherry Point Naval Air Station, became ill while attending a party.[1] He was returned to his military quarters and his condition worsened. His wife later arrived, but by this time, plaintiff had become unconscious. She called an ambulance, and while plaintiff was being transported to the hospital in a Navy ambulance, he was injured in a wreck which

---

**12.** For a 1973 analysis of several habitual offender statutes, see *Hart v. Coiner, supra* at 141–44.

**1.** On the date in question, the plaintiff had been granted a normal weekend liberty and was thus on active duty, in an off-duty status. "Liberty" is defined as the "authorized absence of an officer or enlisted member from his place of duty not chargeable as leave." (Bureau of Naval Personnel Manual, ¶ 3030100, p. 30–12, Exhibit A).

occurred at a point outside the base. It was stipulated that the accident was the result of negligence on the part of the operator of the Navy ambulance. Judgment for the plaintiff in the amount of $20,000.00 was entered on stipulated facts, and the United States appeals. We reverse.

This case is controlled by *Hass v. United States,* 518 F.2d 1138 (4th Cir. 1975), where this court held that "an active-duty serviceman, temporarily in off-duty status and engaged in recreational activity on a military base, cannot sue the United States for the alleged negligence of another serviceman or civilian employee of the military." *Id.* at 1142. In *Hass,* the plaintiff was injured while riding a horse he had rented from a stable owned and operated by the Marine Corps. Relying on the *Feres* doctrine,[2] this court placed special reliance on the fact that plaintiff was on active duty, and not on furlough, when sustaining injury due to the negligence of others in the armed forces. *Id.* at 1140. Although plaintiff here was injured in an automobile accident, and not in some recreational endeavor, and was off base when the accident occurred, these distinctions do not obviate the application of *Hass* to this case, since both here and in *Hass,* the plaintiff was on active duty and not on furlough, and sustained injury due to the negligence of others in the armed forces.

Accordingly, the judgment of the district court is reversed, and the case is remanded with instructions for the district court to enter judgment for the defendant, United States of America.

*REVERSED WITH INSTRUCTIONS.*

---

2. *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950).