Phill Elvin GRANT, Jr., Plaintiff,

v.

Robert Grant PITCHFORD, et al., Defendants.

Civ. No. 81–0629–G(M).

United States District Court, S.D. California.

May 2, 1983.

Leyon D. Sakey, Susan Hildebrand, San Diego, Cal., for plaintiff.

Peter K. Nunez, U.S. Atty., Peter W. Bowie, Chief Asst. U.S. Atty., San Diego, Cal., for defendants.

MEMORANDUM DECISION

GILLIAM, District Judge.

On June 5, 1981, plaintiff Grant caused to be filed in the Superior Court for the State of California a "complaint for damages for assault & battery, conspiracy, dereliction of duty & intentional infliction of emotional distress." Named as defendants in that complaint were Robert Grant Pitchford, John F. Kelley, William C. Hughes, Jr., and some fictitiously named persons.

The first cause of action in plaintiff's complaint alleged that defendant Pitchford committed a battery upon plaintiff by striking plaintiff with a hammer. In that same cause of action, plaintiff also alleged that defendant Kelley ratified the acts of defendant Pitchford by failing to take any action against him. Further, Mr. Grant alleged that defendant Hughes authorized the acts of defendant Pitchford "by allow-

ing him to continue in a position of authority even though defendant Hughes knew or should have known" of defendant Pitchford's alleged violent propensities.

The second cause of action set out in plaintiff's state court complaint alleged that defendants Hughes and Kelley "conspired ... to take no action" to stop defendant Pitchford or to punish him for his alleged conduct. Plaintiff Grant also alleged that defendant Hughes ratified defendant Pitchford's alleged acts by not reporting them to superiors.

Plaintiff's third cause of action alleged that defendant Hughes negligently supervised defendant Pitchford and that the breach of that duty owed to plaintiff resulted in the injuries he allegedly sustained.

Following delivery of the state court process to one or more of the defendants, on July 8, 1981 counsel for defendants filed a petition for removal of the suit to this court. The petition recited in relevant part that defendant Hughes was at all pertinent times a member of the Armed Forces serving as the Commanding Officer of the USS FLASHER (SSN 613). Removal authority and jurisdiction was therefore invoked under 28 U.S.C. §§ 1442, 1442a.

Subsequently, the defendants filed a motion to dismiss or for summary judgment. In that motion the defendants first made it a matter of record that plaintiff Grant was a third class petty officer in the U.S. Navy, on active duty and stationed aboard the USS FLASHER. The moving papers set forth that defendant Hughes was Commanding Officer of the FLASHER; established that defendant Kelley was a junior officer on board the FLASHER; and showed that defendant Pitchford was the Chief of the Boat aboard the FLASHER. Lastly, the moving papers disclosed that the alleged acts, to the extent of their actual occurrence, happened on board the FLASHER while it was underway and entering port.

Because of the foregoing facts, the essence of the defendants' motion was that plaintiff's suit was barred by the doctrine of intra-military immunity as embodied in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), and as extended to individual defendants in *Bailey v. Van Buskirk,* 345 F.2d 298 (9th Cir.1965), cert. denied, 383 U.S. 948, 86 S.Ct. 1205, 16 L.Ed.2d 210 (1966), and *Tirrill v. McNamara,* 451 F.2d 579 (9th Cir.1971). The defendants argued in their motion that because plaintiff Grant was on active duty in the Navy serving on board the USS FLASHER at the time of the alleged incident the *Feres* doctrine barred the suit regardless of whether the defendants' conduct was characterized as negligent or intentional.

Plaintiff Grant filed no opposition to the defendants' motion. Instead, he caused to be filed a first amended complaint, styled as one "For Violation of Federal Civil Rights; Assault & Battery, Conspiracy, Dereliction of Duty, Intentional Infliction of Emotional Distress." Much of what was alleged in plaintiff's original complaint was repeated, verbatim, in the First Amended Complaint. More to the point, the same conduct of each of the defendants which was urged to support plaintiff's state tort claims in the original complaint is the conduct of which plaintiff complains in his First Amended Complaint, although he now alleges that the conduct was also violative of his constitutional rights.

Following service of the First Amended Complaint, the defendants, on December 4, 1981, filed a new motion to dismiss or for summary judgment. In essence, the defendants' position is that plaintiff's First Amended Complaint is an attempt to put a constitutional gloss on what are, in reality, state tort claims, and that plaintiff should not be permitted to evade the rule of *Feres v. United States, supra,* by engaging in an exercise in artful pleading. Defendants' motion was noticed for hearing before this court on February 22, 1982.

On approximately January 27, 1982 plaintiff caused to be filed and noticed for hearing before Magistrate McCue motions for a continuance, to compel attendance at a deposition, and to compel production of certain documents. Those motions were noticed

for hearing on February 16, 1982. Plaintiff contended, in essence, that there was discovery he needed to counter the defendants' motion set before this court.

Defendants, in turn, obtained an order shortening time and filed and served a motion for protective order which was heard by Magistrate McCue on February 3, 1982. The defendants contended that none of the discovery sought by plaintiff related to any of the issues raised by the motion to dismiss or for summary judgment. Because the discovery was not relevant to those issues, and because the motion to dismiss, if granted, would be dispositive of the case, said the defendants, discovery should be stayed pending resolution of the dispositive motion unless the plaintiff could show how the discovery was necessary to respond to the motion. Magistrate McCue agreed with the defendants' position and ordered that the requested discovery not go forward pending resolution of the motion to dismiss. Subsequently, plaintiff withdrew his motions for continuance and to compel attendance at the proposed deposition. The defendants' motion to dismiss or for summary judgment thereafter came on regularly for hearing before this court on February 22, 1982. For the reasons set out hereafter, the court finds that the defendants' motion is well taken and should be granted.

In *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) the Supreme Court held that a serviceman who is injured as a result of the negligence of fellow servicemen and "the injuries arise out of or are in the course of activity incident to service . . ." will not be permitted to sue the United States under the Federal Tort Claims Act. That rule continues in full force. *Stencel Aero Engineering Corp. v. United States,* 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977); *Uptegrove v. United States,* 600 F.2d 1248, 1251 (9th Cir.1979), *cert. denied,* 444 U.S. 1044, 100 S.Ct. 732, 62 L.Ed.2d 730 (1980).

It has long been recognized by the Ninth Circuit Court of Appeals, as well as by other courts, that the rationale of the *Feres* rule applies as much to suits brought by injured servicemen against individual federal employees as it does to suits against the United States. *Bailey v. Van Buskirk,* 345 F.2d 298 (9th Cir.1965), *cert. denied,* 383 U.S. 948, 86 S.Ct. 1205, 16 L.Ed.2d 210 (1966); *Tirrill v. McNamara,* 451 F.2d 579 (9th Cir.1971); *Calhoun v. United States,* 475 F.Supp. 1 (S.D.Cal.1977), *aff'd per curiam,* 604 F.2d 647 (9th Cir.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1029, 62 L.Ed.2d 761 (1980); *Bailey v. De Quevedo,* 375 F.2d 72 (3d Cir.1967), *cert. denied,* 389 U.S. 923, 88 S.Ct. 247, 19 L.Ed.2d 274 (1967); *Stanley v. Central Intelligence Agency,* 639 F.2d 1146, 1152 (5th Cir.1981).

■ Central to a determination of whether the *Feres* rule applies in any particular case is whether the plaintiff sustained the claimed injuries incident to his military service. A review of the applicable cases discloses that resolution of this inquiry turns, in essence, upon whether at the time he sustained the injury the plaintiff was where he was because of his relationship to the military. See *Uptegrove v. United States, supra; Shults v. United States,* 421 F.2d 170 (5th Cir.1969); *Vallance v. United States,* 574 F.2d 1282 (5th Cir.1978); *Veillette v. United States,* 615 F.2d 505 (9th Cir.1980); *Chambers v. United States,* 357 F.2d 224 (8th Cir.1966); *Stansberry v. Middendorf,* 567 F.2d 617 (4th Cir.1978); *Camassar v. United States,* 531 F.2d 1149 (2d Cir.1976).

In the instant case, it is undisputed that plaintiff was on active duty aboard the USS FLASHER while it was underway at the time of the alleged incident. In other words, plaintiff was where he was at the time of the incident precisely because of his military relationship. It is also undisputed that each of the defendants was similarly on active duty aboard USS FLASHER at the time of the alleged event. Accordingly, the court finds that the elements of the *Feres* rule have been met and that if the rule applies at all, it applies to bar the instant suit.

Plaintiff argues, however, that the *Feres* rule should not be applied in the instant case because plaintiff has, in his First

Amended Complaint, asserted his claims as violations of the Constitution of the United States, to which he contends the *Feres* rule does not apply. In so arguing, plaintiff relies on the recent decision in *Wallace v. Chappell,* 661 F.2d 729 (9th Cir.1981).

Plaintiff has, indeed, attempted to recast his claims as violations of the Constitution. However, such efforts are unavailing. Where, as here, a plaintiff's theory of constitutional deprivation is simply a "restatement" of a state tort cause of action, courts have generally declined to recognize a constitutional cause of action. *Calhoun v. United States,* 475 F.Supp. 1 (S.D.Cal.1977), aff'd per curiam, 604 F.2d 647 (9th Cir. 1979), cert. denied, 444 U.S. 1078, 100 S.Ct. 1029, 62 L.Ed.2d 761 (1980); *Misko v. United States,* 453 F.Supp. 513 (D.D.C.1978), aff'd, 593 F.2d 1371 (D.C.Cir.1979). In so holding, the courts have been mindful of the instruction of the Supreme Court in *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). In that case, a plaintiff urged that a state tort claim for defamation really constituted a deprivation of a constitutionally protected right. In rejecting that contention, the Court wrote:

> But such a reading would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States. We have noted the "constitutional shoals" that confront any attempt to derive from congressional civil rights statutes a body of general federal tort law, *Griffin v. Breckenridge,* 403 U.S. 88, 101–102 [91 S.Ct. 1790, 1797–1798, 29 L.Ed.2d 338] (1971); *a fortiori,* the procedural guarantees of the Due Process Clause cannot be the source for such law.

424 U.S. at 701, 96 S.Ct. at 1160. Comparison of plaintiff's original complaint filed in state court with the First Amended Complaint now before this court discloses that both are virtually identical, particularly in terms of the alleged conduct of the defendants. The court concludes that plaintiff has simply attempted to recast traditional state tort claims as constitutional violations. Under the circumstances of this case, no constitutional claim is alleged sufficient to support a cause of action under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The recent decision of *Wallace v. Chappell,* 661 F.2d 729 (9th Cir.1981) does not compel a contrary conclusion. Rather, the *Wallace* court itself recognized the foregoing when it wrote:

> With respect to constitutional claims, therefore, our adoption of the *Mindes* [*v. Seaman,* 453 F.2d 197 (5th Cir.1971)] test is limited to cases in which the plaintiff has alleged what the *Calhoun* court described as a "recognized" constitutional right. We do not mean by this term to eliminate from consideration those constitutional claims that have not yet been accepted by the courts. We mean only that the allegations must amount to more than a traditional state law claim.

661 F.2d at 734. Having concluded that plaintiff has alleged only traditional state tort claims, although he has attempted to recast them as constitutional violations, it is clear that *Wallace v. Chappell, supra,* is not applicable to the instant case.

Inasmuch as defendants have established through uncontroverted declarations that plaintiff's alleged injuries were sustained incident to his military service on board USS FLASHER, and since there is no bar to application of the *Feres* rule to what are, in essence, state tort claims, the court finds that the *Feres* rule bars the instant suit.

Accordingly, defendants' motion to dismiss is granted. *Stanley v. Central Intelligence Agency,* 639 F.2d 1146 (5th Cir.1981). Alternatively, it has been established that defendants are entitled to judgment as a matter of law based upon their uncontroverted declarations and the applicable law. Therefore, defendants' alternative motion for summary judgment is granted as well.