Robert N. JORDAN and Cindy
Jordan, Plaintiffs,

v.

Gary R. HANKS, Norman Keene and
Charles Kiefner, Defendants.

No. 87–4075–CV–C–9.

United States District Court,
W.D. Missouri, C.D.

April 20, 1988.

John H. Lake, Jefferson City, Mo., for plaintiffs.

Kenneth E. Weinfurt, Asst. U.S. Atty., Kansas City, Mo., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BARTLETT, District Judge.

Plaintiffs' claims arise from an accident which occurred while plaintiff Robert Jordan, and defendants Gary Hanks and Norman Keene, all members of the Missouri National Guard, were attending a two week training exercise in Honduras by virtue of orders issued by defendant Charles Kiefner, the Adjutant General of Missouri. While Jordan, Hanks and Keene were attempting to start a three quarter ton truck owned by the Missouri National Guard, a cup of gasoline held by Keene ignited; Keene threw the burning cup to the ground where plaintiff Robert Jordan was standing. Jordan was severely burned and now seeks damages from fellow soldiers Hanks and Keene and from Adjutant General Kiefner. Plaintiff Cindy Jordan seeks damages for loss of consortium. Neither plaintiff asserts claims against the United States.

Defendants removed this case from the Circuit Court of Cole County on February 13, 1987. On March 23, 1987, defendants filed a motion to dismiss or, in the alternative, for summary judgment. In their motion, defendants argue that they are immune from civil liability because the injury occurred while defendants were in "federal status" and while they were acting within their scope of duty.

Because defendants want me to consider material outside the pleadings (which they have properly presented by affidavit) on some issues, this motion will be considered as one for summary judgment on those issues. The remaining issues will be addressed on the pleadings only.

### Standard for Summary Judgment

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the Court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed. 2d 142 (1970); *Inland Oil and Transport Co. v. United States*, 600 F.2d 725, 727–28 (8th Cir.), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).

If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir.1979); *United States v. Porter*, 581 F.2d 698, 703 (8th Cir.1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* 106 S.Ct. at 2553.

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers

to interrogatories and admissions on file, together with affidavits, if any, the *absence* of genuine issues of material fact. However, the moving party *is not required* to support its motion with affidavits or other similar materials *negating* the opponent's claim. *Id.* (emphasis added).

■ The nonmoving party is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### Claims Against Adjutant General Kiefner

■ Although Adjutant General Kiefner is a named defendant in plaintiffs' complaint, plaintiffs have not alleged any act or omission which defendant Kiefner committed or failed to commit in either his individual or official capacity which proximately caused plaintiffs' injuries. The complaint merely states that Kiefner, as Missouri's Adjutant General, was officially responsible for issuing the order under which plaintiff Robert Jordan traveled to Honduras. No facts are alleged connecting the alleged negligence and failure to warn, which plaintiffs allege caused plaintiff's injuries, to Kiefner's issuance of the order. Thus, no claim has been pleaded against defendant Kiefner.

■ Even if plaintiffs had stated a cause of action against Kiefner, executive officials sued for common law torts are immune from suit for the performance of discretionary or mandatory duties. *See Spalding v. Vilas,* 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896); *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434

(1959). Kiefner states by affidavit that his decision to order Jordan, Hanks and Keene and several others to participate in the Honduras training was a function of his position as Adjutant General of Missouri. Plaintiffs do not dispute t is fact. Therefore, because Kiefner's order sending plaintiff's National Guard Unit into active duty for training was within the authority of his office, Kiefner is immune from suit.

Therefore, either because the claim against defendant Kiefner is dismissed for failure to state a cause of action or because summary judgment is granted in favor of Kiefner, defendant Kiefner will be dismissed.[1]

### Claims Against Hanks and Keene

Defendants Hanks and Keene assert that the accident occurred while Missouri National Guardsmen Jordan, Hanks and Keene were in "federal status," and were acting within the scope of their duties. On this premise, defendants Hanks and Keene assert they are immune from liability.

Plaintiffs assert first that defendants have no immunity because the accident occurred while the participants were in *non*federal status. Alternatively, plaintiffs assert that even if defendants were in federal status, no *per se* rule prevents recovery by one soldier from another.

As a threshold matter, I have previously determined in my October 15, 1987, order denying plaintiffs' motion to remand that Jordan, Hanks and Keene were in "federal status" while training in Honduras. On the issue of whether Hanks and Keene were acting within the scope and course of duty when the accident occurred, defendants Hanks and Keene have furnished identical affidavits which state "that all actions taken by me in this matter were performed in my official capacity, were all within the scope of my official duties, and were performed in my reasonable, good faith belief that my actions were in conformity with the law." Exhibits D and E, defendants' motion to dismiss.

---

**1.** *Feres* has been used to preclude suit for civil rights violations by a soldier against a *superior officer. Chappell v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983). Even if plaintiffs had stated a claim against defendant Kiefner, plaintiff Robert Jordan's superior officer, it would be barred by *Chappell.*

Plaintiffs fail to dispute these statements by affidavit or otherwise. Therefore, I assume that plaintiffs concede that anything Hanks and Keene did was done within the scope of their duties while training in Honduras.

It is well-established that a soldier may not sue the *government* for injuries negligently inflicted by a fellow serviceman "which arise out of or are in the course of activity incident to service" because of sovereign immunity. *Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950). *See also United States v. Shearer*, 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985). This immunity is based upon three considerations: 1) the maintenance of discipline between soldiers and their superiors; 2) orderly conduct of military affairs by eliminating the necessity to defend lawsuits; and 3) a uniform system of compensation for military injuries established by Congress. *Feres*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152. Recent cases have focused primarily upon the first factor; the disciplinary problems which may be created by requiring the United States to pay for injuries inflicted by fellow servicemen. *See, e.g., Brown v. United States*, 739 F.2d 362 (8th Cir.1984), *cert. denied*, 473 U.S. 904, 105 S.Ct. 3524, 87 L.Ed.2d 650 (1986).

However, as noted above, plaintiffs have not named the government as a defendant. Thus, *Feres* is not dispositive. Nonetheless, even though plaintiffs' suit is against fellow servicemen and not the United States, other courts have looked to the rationales underlying *Feres* to resolve similar cases.

In *Jaffee v. United States*, 663 F.2d 1226 (3d Cir.1981), *cert. denied*, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982), the plaintiff serviceman sued the United States and various army and civilian Defense Department employees for damages caused by his compliance with military orders to stand in a field without protection against radiation while a nuclear device was exploded a short distance away. *Id.* at 1229. The court denied plaintiff recovery from the individuals sued noting "[w]e have ...

interpreted the [*Feres*] doctrine to immunize government officials sued in their individual capacity from liability to military personnel for negligent torts." *Id.* at 1228 (citation omitted).

In *Calhoun v. United States*, 475 F.Supp. 1 (S.D.Cal.1977) *aff'd.* 604 F.2d 647 (9th Cir.1979), *cert. denied*, 444 U.S. 1078, 100 S.Ct. 1029, 62 L.Ed.2d 761 (1980), plaintiffs brought a wrongful death action against the United States and individuals in the decedent's chain of command. Applying *Feres*, the court stated:

> Thus, the United States may not be sued for injuries incurred incident to military service. Once this immunity is established it is certain that the individual defendants are also immune from suit. It is clearly the law in this circuit that one soldier may not sue another for injuries suffered attendant to military service. [Citations omitted.]

*Id.* at 4.

In *Misko v. United States*, 453 F.Supp. 513 (D.C.Cir.1978), plaintiff, a National Guardsman, sued the United States and four army medical officers (psychiatrists) for administering drugs to him and keeping him confined against his will. The court noted that "[l]ower courts have, almost without exception, applied *Feres* principles directly to suits against individual servicemen." *Id.* at 514. The court there also stated that:

> Wholly apart from *Feres*, which was originally based on sovereign immunity principles and an interpretation of the Federal Tort Claims Act, there is authority to the effect that military personnel acting within the scope of their authority are generally immune from actions brought by other members of the armed forces.

*Id.* at 515. *See also Bailey v. DeQuevedo*, 375 F.2d 72, 74 (3d Cir.1967).

In *Hass v. United States*, 518 F.2d 1138 (4th Cir.1975), a marine sued the United States and the civilian manager and assistant manager of a Marine Corps owned and operated horse stable alleging negligent failure to warn. The court there found that the managers, as civilian employees of the military, were entitled to the immunity

of one serviceperson from suit by another. Applying *Feres*, the court stated:

> Although we reject the district court's application of *Barr*-type immunity, we uphold its dismissal of the action against [the manager and his assistant] because we believe they are entitled to another judicially created immunity. This is the immunity of one serviceman from suit by another, recognized by the Supreme Court in *Feres*, 340 U.S. at 141, 71 S.Ct. at 157. As one lower federal court has recently stated, citing numerous case authorities:
>
> > It is established that members of the United States military service are immune from recovery, in suits brought by fellow members of the military service, for service-connected injuries caused by their negligent acts, either ministerial or discretionary in nature, performed in the line of duty.
>
> *Roach v. Shields*, 371 F.Supp. 1392, 1393 (E.D.Pa.1974). Although immunity probably originated as an immunity of superior officers, based upon the necessity of their unfettered exercise of command, *cf. Feres*, supra, 340 U.S. at 141, 71 S.Ct. at 157; *Bailey v. Van Buskirk*, 345 F.2d 298 (9th Cir.1965), *cert. denied*, 383 U.S. 948, 86 S.Ct. 1205, 16 L.Ed.2d 210 (1966), it clearly exists now between servicemen of any rank. *Mattos v. United States*, 412 F.2d 793, 794 (9th Cir.1969).

*Hass*, 518 F.2d at 1143.

The *Feres* doctrine precludes suit for damages between servicepersons because to permit one serviceperson to sue another for damages raises many of the same policy considerations underlying *Feres*. For instance, to permit one member of the armed forces to sue another even though the defendant was not a superior, would be detrimental to the orderly conduct of military affairs and would conflict with the uniform system of compensation for military injuries established by Congress.

Accordingly, because plaintiffs have not disputed properly defendants' affidavits that they were acting within the scope of their military duties when Jordan was injured, defendants Hanks and Keene are immune from liability for Jordan's service connected injury even if it was caused by the negligence of defendants Hanks and Keene.

### *Cindy Jordan's Claim*

[7] Plaintiff Cindy Jordan has claimed $200,000 in damages for lost love, affection, services and consortium. This is a derivative claim and the *Feres* doctrine bars suit by a serviceperson's family for damages resulting from injuries the serviceperson suffered incident to service. *See, e.g., In re Agent Orange Product Liability Litigation*, 506 F.Supp. 762, 780 (E.D.N.Y.1980) and cases and treatises cited therein. Therefore, plaintiff Cindy Jordan has not stated a cause of action against defendants.

### *Conclusion*

For the reasons stated, it is hereby ORDERED that defendants' motion for summary judgment is granted.[2]

---

2. "The military service does not leave those permanently injured in the line of duty uncompensated. Congress has attended to such things in a reasonably adequate way. All we deny plaintiff-appellant is a remedy he likes better." *Bailey v. DeQuevedo*, 375 F.2d 72, 74 (3d Cir.1967).